# STATE OF MICHIGAN

# COURT OF APPEALS

---

BENA BROWN,

　　　　　　Plaintiff-Appellant,

v

WEI MIN YANG,

　　　　　　Defendant-Appellee.

UNPUBLISHED
March 19, 2015

No.　319719
Macomb Circuit Court
LC No.　12-2194-NI

---

Before:　DONOFRIO, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

This case involves a third-party automobile negligence action filed by plaintiff Bena Brown.　On December 4, 2013, the Macomb Circuit Court dismissed plaintiff's case with prejudice because plaintiff's counsel arrived over an hour late to a settlement conference that day, and on the grounds that plaintiff's counsel previously failed to comply with an order to pay $250 in attorney's fees and failed to provide defendant re-notice of a hearing on a motion to reinstate the case.　Plaintiff appeals as a matter of right.　We affirm.

We review a trial court's decision to dismiss an action for an abuse of discretion. *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007).　An abuse of discretion occurs if a trial court's decision falls outside the range of principled outcomes.　*Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

Both MCR 2.401(G) and MCR 2.504(B) permit dismissal for a party's failure to appear at a settlement conference.　Specifically, MCR 2.401(G) states the following:

> (1) Failure of a party or the party's attorney . . . to attend a scheduled conference or to have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement, as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B).

MCR 2.504(B) provides, in pertinent part, the following:

> (1) If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims.

-1-

* * *

(3) Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits.

Although permitted, "[d]ismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). *Vicencio* instructs trial courts to carefully consider options other than dismissal and to consider the parties' past conduct in deciding whether dismissal is appropriate. *Id.* While not exhaustive, courts should consider the following factors before dismissing an action as a sanction:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio*, 211 Mich App at 507.]

Although the trial court did not expressly address the *Vicencio* factors or identify every alternative sanction besides dismissal on the record, we conclude that the court's analysis sufficiently complied with *Vicencio*. Defense counsel moved for dismissal with prejudice pursuant to MCR 2.504(B)(1) because plaintiff's counsel did not comply with a previous court order to pay attorney's fees, failed to serve re-notice of a hearing on plaintiff's motion to reinstate the case, and failed to appear at the settlement conference. When granting the motion to dismiss, the trial court mentioned that it previously dismissed the case due to plaintiff's noncompliance with court orders, and only granted plaintiff's motion to reinstate the case because it believed defense counsel was properly served and had no objection. The trial court emphasized that nonappearance for scheduled court dates and noncompliance with court orders was a continuous problem during this case with plaintiff's counsel's office.[1]

The trial court's decision to dismiss the case was fully informed and its reasoning was sufficient to satisfy the instructions of *Vicencio*. Because it is implicit from the trial court's analysis that the imposition of a lesser sanction would have been an exercise in futility, the lower court did not abuse its discretion in dismissing plaintiff's case pursuant to MCR 2.504(B)(1).[2]

---

[1] It bears mentioning that plaintiff's counsel also failed to appear for oral argument in the appeal of this matter.

[2] We also note that although the trial court cited three grounds justifying dismissal in its December 4, 2013 order, on appeal, plaintiff only contests the trial court's order with regard to the late appearance at the settlement conference. "A party who fails to brief the merits of an alleged error has abandoned the issue on appeal." *Villadsen v Mason Co Road Comm*, 268 Mich App 287, 303; 706 NW2d 897 (2005). Therefore, even if the lower court erred in dismissing

Affirmed.

/s/ Pat M. Donofrio
/s/ Michael J. Riordan
/s/ Michael F. Gadola

---

plaintiff's case on the ground that plaintiff's attorney was late to a settlement conference, because the trial court cited two additional grounds for dismissal that were not addressed on appeal, reversal is unwarranted.