# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 11, 2008

134670

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

LATIF Z. ORAM a/k/a RANDY Z. ORAM,
      Plaintiff/Counter-Defendant/
      Counter-Plaintiff-Appellant,
and

O.B. PROPERITES LIMITED PARTNERSHIP,
      Plaintiff/Counter-Defendant/
      Counter-Plaintiff/Third-Party
      Defendant,
and

O. B. PROPERTIES and JAM SOUND
SPECIALIST, INC.,
      Plaintiffs/Counter-Defendants/
      Counter-Plaintiffs/Third-Party
      Plaintiffs,

v

JOHN ORAM and GARY ORAM,
      Defendants/Counter-Plaintiffs/
      Counter-Defendants-Appellees,
and

INTERNATIONAL OUTDOOR, INC., VISION
PROPERTIES, INC., DISCOUNT PAGING
COMPANY, INC., and FUTURE VISION
PROPERTIES, LLC,
      Third-Party Defendants,
and

ARMAND VELARDO, S. HADDAD, and
BRADLEY LAMBERT,
      Intervening Plaintiffs,
and

HARRY CENDROWSKI,
      Intervening Plaintiff-Appellee.

_____/

SC:  134670
COA:  267077
Oakland CC:  2002-039499-CK

On order of the Court, the application for leave to appeal the May 22, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE part III of the Court of Appeals judgment. "[D]ismissal of a case for failure to comply with the court's orders is . . . reviewed for an abuse of discretion." *Maldonado v Ford Motor Co*, 476 Mich 372, 388 (2006). Such an abuse occurs "when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158 (2007). The plaintiff demonstrated that his attorney was unable to proceed to trial due to illness and that the circuit court's law clerk indicated to the attorney's doctor that the doctor's presence at the November 17, 2005 hearing was not required. In light of these facts, we conclude that dismissal of the plaintiff's case based on the doctor's failure to appear at the November 17, 2005 hearing was "outside the range of principled outcomes." We also REVERSE part VIII of the Court of Appeals judgment. Case evaluation sanctions were not properly entered because the dismissal order was not a "verdict" as defined by MCR 2.403(O)(4). We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with this order. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

WEAVER, J., concurs in part and dissents in part and states as follows:

I concur in the reversal of part VIII of the Court of Appeals judgment. I dissent from the reversal of part III of the Court of Appeals judgment for the reasons stated by the Court of Appeals in part III of its opinion.

CORRIGAN, J., concurs in part and dissents in part and states as follows:

I concur in the reversal of part VIII of the Court of Appeals judgment because the dismissal order was not a "verdict" as defined in MCR 2.403(O)(4). I dissent from the reversal of part III of the Court of Appeals judgment. I would not overturn the Court of Appeals conclusion that the trial court did not abuse its discretion in dismissing the case where (1) plaintiff's counsel was unprepared for trial after numerous previous adjournments, (2) counsel failed to comply with the court's direct order to produce his doctor to testify regarding counsel's alleged incapacity, and (3) the litigation had already been significantly delayed.

Trial courts possess inherent authority to sanction litigants and their attorneys, including the power to dismiss a case. "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases." *Maldonado v Ford Motor Co*, 476 Mich 372, 376 (2006). Moreover, MCL 600.611 grants circuit courts "jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and

judgments," and MCR 2.504(B)(1) provides that if a plaintiff fails to comply with court rules or a court order, a defendant may move to dismiss the action.

A court's decision to dismiss a case is reviewed for an abuse of discretion. *Maldonado*, *supra* at 388. Such an abuse occurs "when the decision results in an outcome falling outside the range of principled outcomes." *Barnett v Hidalgo*, 478 Mich 151, 158 (2007).

In *Vicencio v Ramirez,* 211 Mich App 501, 506 (1995), the Court of Appeals held that, before dismissing a case, a trial court must "carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." Under *Vicencio*, a court must evaluate (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. *Id*. at 507.

I find no basis for *Vicencio*'s qualifications on a court's authority to dismiss a case.[1] In any event, the Court of Appeals here adequately articulated why the dismissal fell within the range of principled outcomes:

> We acknowledge that the trial court did not specifically examine each of [the *Vicencio*] factors on the record. Nevertheless, in light of the unique facts of this case, we cannot conclude that the court abused its discretion in failing to do so. At the time of dismissal, there already existed a substantial history of deliberate delay. As noted, the parties had sought to adjourn the trial date numerous times, and it appears after a thorough review of the record that plaintiff was attempting to intentionally stall the proceedings so that he could gain certain advantages by driving up fees and interest. Moreover, plaintiff had already shown a pattern of failing to comply with court orders, most markedly by refusing to cooperate with the receiver and by continuing to seek vexing and increasingly cumulative discovery. Indeed, trial had been adjourned so many times that it seemed the parties no longer wanted to continue with this action. They had effectively fallen into a holding pattern, and little was accomplished in terms of actual litigation for months at a time. Any sanction less than dismissal would not have been useful, merely prolonging the sluggish evolution of this case and allowing the costs of litigation to mount. Finally, we cannot omit mention of the fact that the trial court gave plaintiff a

---

[1] This Court's order does not cite or apply *Vicencio*. In an appropriate case, we should consider whether to accept or reject the *Vicencio* requirements.

second chance in this matter. The order of dismissal was not issued when plaintiff's counsel first failed to appear on November 15, 2005, but only after plaintiff violated the trial court's second order by failing to proceed with trial on November 17, 2005. [*Oram v Oram*, unpublished opinion of the Court of Appeals, decided May 22, 2007 (Docket No. 267077), Slip op at 12.]

I would not upset the Court of Appeals conclusion that the dismissal fell within the range of principled outcomes. After an already significant history of delay in this case, counsel failed to appear for trial and then passed on another opportunity two days later to either (1) try the case or (2) present his doctor to testify regarding his medical condition. Counsel instead came to court (1) unprepared to try the case and (2) without his doctor. On these facts, the dismissal fell within the range of principled outcomes.

*It was not until after the dismissal*, and on motion for reconsideration, that counsel's doctor provided a sworn statement that the court's law clerk had orally promised to call him if he needed to appear on the second trial date. Even accepting the doctor's uncorroborated statement, it does not excuse *counsel's* failure to comply with the court's written order. Moreover, no evidence of the law clerk's alleged oral promise to call the doctor was ever presented during the hearing preceding the dismissal. Rather, the doctor's sworn statement was taken only *after the court had already dismissed the case*.

Accordingly, in light of the substantial history of deliberate delay and plaintiff's counsel's failure to either try the case or produce his doctor, I would hold that the trial court did not abuse its discretion in dismissing the action.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 11, 2008

Corbin R. Davis

Clerk

s0408