# STATE OF MICHIGAN

# COURT OF APPEALS

RABIH OUZA,

        Plaintiff-Appellant,

and

SUMMIT MEDICAL GROUP, PLLC,

        Intervening Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
June 25, 2015

No. 320470
Wayne Circuit Court
LC No. 12-013916-NF

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff Rabih Ouza appeals the trial court's order that dismissed his case with prejudice. For the reasons stated below, we reverse and remand for reinstatement of Ouza's claim.

## I. INTRODUCTION

In recognition of the difficult job trial courts have in managing dockets and the complexities of litigation, our Court usually grants great deference to trial courts regarding discovery rulings. And, of course, should parties or their lawyers violate any court order, including discovery-related orders, such conduct may warrant the most serious sanction: dismissal of the suit or the entering of a default. Yet, these remedies should be used with caution. When a trial court dismisses a case because of discovery violations, including violations of discovery orders, Michigan law requires a trial court to state its reasons for doing so on the record. In this explanation, the trial court must clearly state that it considered other, less serious remedies, and address why it believed those other remedies were inadequate.

The trial court did not do so here, and it is unclear whether the court dismissed Ouza's suit because he violated a single discovery order, or consistently neglected to comply with a discovery schedule. Moreover, the record suggests that the trial court may have been understandably perturbed at Ouza's counsel for his failure to file a brief until the night before the

-1-

relevant hearing on defendant's motion to dismiss. The lack of clarity on what actions gave rise to the order of dismissal, and the trial court's apparent failure to consider less severe remedies, requires us to reverse and remand this case for reinstatement of plaintiff's claim.

We also note that if the trial court's October 2013 discovery order—which is ambiguous on its face—sought to force plaintiff to produce nonparties to a deposition, this expectation is an impossible burden that cannot and should not be the basis for dismissal of his suit. Again, it is not clear whether Ouza's "violation" of this order was the reason for the trial court's dismissal, but certainly it ought not to be.

Accordingly, we reverse the trial court's dismissal of Ouza's suit, and remand for reinstatement of his claim.

## II. FACTS AND PROCEDURAL HISTORY

In January 2012, plaintiff Rabih Ouza suffered injuries in a car accident allegedly caused by an uninsured or underinsured motorist. Thereafter, Ouza filed suit against defendant State Farm, his insurer, for its alleged refusal to pay unspecified medical expenses.[1] This appeal involves two aspects of the case's procedural history, namely: (1) Ouza's failure to comply with the trial court's May 2013 order; and (2) Ouza's failure to comply with the trial court's October 2013 order.

The May 2013 court order required Ouza to respond to State Farm's interrogatories and provide the insurer with documentation on his possible use of Medicare. When Ouza did not comply with this order within the specified timeframe, State Farm filed a motion to dismiss his suit. However, Ouza responded to the relevant interrogatories and provided State Farm with the requested documentation soon after State Farm filed the motion to dismiss, and the trial court canceled a scheduled hearing on the matter. The trial court did not sanction or admonish Ouza for his failure to comply with its order at this time.

The October 2013 court order required Ouza, and his medical service providers, to give deposition testimony "on or before October 31, 2013."[2] However, one of Ouza's service providers, his wife, did not appear at the scheduled October 25, 2013 deposition. As a result, plaintiff's wife never provided deposition testimony.

In December 2013, State Farm filed a motion to dismiss Ouza's suit because he allegedly violated the October 2013 court order. The trial court scheduled a hearing on the issue for December 13, 2013. Ouza did not file a response to State Farm's motion until the night before

---

[1] Plaintiff Summit Medical Group (SMG) intervened in the suit in February 2013, and demanded reimbursement from State Farm for medical services it provided to Ouza. Their participation in the suit is not relevant to this appeal, which is brought solely by Ouza.

[2] In relevant part, the court order states: "IT IS FURTHER ORDERED that the depositions of Plaintiff and any service providers be completed on a before October 31, 2013.

the hearing, and claimed that he did not have any duty to ensure that his service providers were deposed because they were not parties to the litigation.

At the motion hearing, the trial court granted State Farm's motion to dismiss Ouza's suit, but permitted SMG to maintain its action. In so doing, the court stressed that Ouza's attorneys, despite having knowledge of the hearing date, had failed to file a response in a timely fashion and shown "no respect for [the] Court."[3]

On appeal, Ouza says that the trial court abused its discretion when it dismissed his action, because the October 2013 court order did not explicitly require him to produce his medical service providers for deposition. State Farm asks us to affirm the ruling of the trial court, because of Ouza's use of delaying tactics throughout the proceedings and repeated violations of court orders.

## III. STANDARD OF REVIEW

"Dismissal of a case for failure to comply with the court's orders is . . . reviewed for an abuse of discretion." *Oram v Oram*, 480 Mich 1163; 746 NW2d 865 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Kalaj v Khan*, 295 Mich App 420, 425; 820 NW2d 223 (2012).

## IV. ANALYSIS

"MCR 2.313(B)(2)(c) explicitly authorize[s] a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000). Nonetheless, "[d]efault is a drastic measure and should be used with caution." *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998). Accordingly, the "record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010). Such factors "can include, but are not limited to":

---

[3] Specifically, the trial court stated that:

> I just want everybody here to know no answer filed, you don't get to talk. . . . Here's what I'm ruling on your motion. I have too many cases, I have spent too much time getting ready for today. . . . The case is dismissed as to the Plaintiff Rabih Ouza for failure to participate in discovery. . . . I am absolutely done with [plaintiff's] firm and the other firms that don't file answers. You are not getting hearings, you are not allowed to say a word when you don't file it. . . . And I'm not going to give you the opportunity to speak on a hundred call motion call when you don't file an answer.

(1) whether the violation was wilful [sic] or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the defendant; (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect[;] and (8) whether a lesser sanction would better serve the interests of justice. [*Id.*]

Here, the trial court dismissed Ouza's case, but did not state why it chose to do so, apart from mentioning that Ouza's attorney filed a response to State Farm's motion to dismiss the case the night before the motion hearing. While a party's failure to comply with a court order may, under appropriate circumstances, warrant dismissal of his action,[4] the trial court did not fully explain on the record its reasons for dismissing the case, as is required by Michigan law. We therefore reverse the trial court's order of dismissal, and remand for reinstatement of plaintiff's claim.

Reversed and remanded. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[4] With respect to the two orders, we note that the trial court did not dismiss the case after violation of the May 2013 court order. And, regarding the October 2013 court order, we simply observe that a party and his lawyer may not have "control" over the medical service providers, family member or otherwise, who are not parties to the litigation, and a better practice would be to subpoena these non-parties for deposition. Here, if this practice had been followed, the issue of whether Ouza complied with the October 2013 court order would not have arisen.