*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOROTHY NOUHAN,

Plaintiff-Appellant,

UNPUBLISHED
February 5, 2019

v

ELMHURST TAP ROOM, INC.,

Defendant-Appellee.

No. 340616
Wayne Circuit Court
LC No. 16-012876-NO

Before: K. F. KELLY, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Plaintiff, Dorothy Nouhan, appeals as of right the order of the trial court granting defendant, Elmhurst Tap Room, Inc.'s, motion to dismiss for lack of progress. We affirm.

This case arises from plaintiff's claim that she was injured in defendant's restaurant and bar in Dearborn, Michigan, on April 23, 2016. Plaintiff filed her complaint initiating this action on October 11, 2016, alleging that she was severely injured when she slipped on a rug that she alleged defendant had negligently maintained in the restaurant. On January 9, 2017, the trial court entered a scheduling order requiring the parties to comply with certain deadlines for filing witness lists, completing discovery, case evaluation, and a settlement conference.

Thereafter, plaintiff failed to comply with the trial court's scheduling order and failed to respond to defendant's discovery requests. Defendant timely filed its witness list, but plaintiff failed to file her witness list. Defendant timely filed its first set of interrogatories and request for production of documents, but plaintiff did not respond to the discovery requests. Defendant sought to depose plaintiff, but plaintiff cancelled each of the three scheduled deposition dates on the day before each deposition was to take place. Defendant thereafter moved to adjourn the case evaluation in light of the uncompleted discovery. Plaintiff did not respond to the motion and apparently did not attend the hearing on the motion. The trial court granted the motion to adjourn the case evaluation.

On August 8, 2017, defendant filed a motion to dismiss for lack of progress. As of the date of that motion, 10 months had passed since plaintiff's complaint had been filed with no progress by plaintiff. Plaintiff filed a response to the motion, arguing that it was difficult for

plaintiff to respond to discovery requests because she was recovering from knee replacement surgery.

At the hearing on the motion, the trial court stated:

THE COURT: No witness list has been filed, which is a violation of the court order.

DEFENSE COUNSEL: Correct.

THE COURT: Maybe I should just dismiss the case with prejudice. I guess you don't care about the case or your client, so why should I or [defense counsel]?

PLAINTIFF'S COUNSEL: Your Honor, we care very much about the case, our client's an 89 year old woman, we've had some difficulty coordinating. Right now there is a deposition scheduled for September 13th, we don't anticipate any issues whatsoever with that deposition.

THE COURT: I'm not going to Track 3 [for scheduling] on a case where absolutely nothing's been done, she may be 89, but -- You're not 89 and you haven't even bothered to respond to anything that he's communicated, you or whoever it is in your office.

PLAINTIFF'S COUNSEL: It's me, yes.

THE COURT: . . . I'm just done. This courthouse is rife with people who can't get their cases together and then it becomes our problem in our laps and we got to put things to Track 3. Track 3s on med mals, sure. On these little piddly-wink cases, no way, not doing it anymore. We can have authorizations signed in this courthouse, we can respond to e-mails from opposing counsel, we can do interrogatories, otherwise I'm dismissing cases. New sheriff in town.

PLAINTIFF'S COUNSEL: Could you do so without prejudice, Your Honor?

THE COURT: No. You've done absolutely nothing for the last year, nothing. And on the eve you show up, you communicate when your back is against the wall and you come in here and want me -- No, I think we're done. Case dismissed with prejudice.

The trial court entered an order dismissing plaintiff's complaint with prejudice, and thereafter also denied plaintiff's motion for reconsideration. Plaintiff now appeals, arguing that the trial court abused its discretion because it did not consider alternative sanctions on the record before dismissing this case. We disagree.

We review a trial court's decision to dismiss an action for an abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome."

*Id*., quoting *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). If the trial court selects an outcome from among the principled and reasonable outcomes, we will conclude that the trial court did not abuse its discretion. *Maldonado*, 476 Mich at 388.

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Id*. "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases." *Id*. at 376. Additionally, authority to dismiss a case is conferred by court rule under MCR 2.502(A)(1), which states:

> On motion of a party or on its own initiative, the court may order that an action in which no steps or proceedings appear to have been taken within 91 days be dismissed for lack of progress unless the parties show that progress is being made or that the lack of progress is not attributable to the party seeking affirmative relief.

MCR 2.502(B)(1) states, "If a party does not make the required showing, the court may direct the clerk to dismiss the action for lack of progress. Such a dismissal is without prejudice unless the court specifies otherwise."

However, "[d]ismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Therefore, before dismissal, the trial court must "carefully evaluate all available options on the record and conclude that the sanction is just and proper." *Id*. There are some factors, while not exhaustive, that a court should consider before dismissal:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507.]

In this case, the trial court did not select an outcome outside the range of reasonable and principled outcomes when it dismissed plaintiff's case. See *Maldonado*, 476 Mich at 388. Contrary to plaintiff's assertions, the trial court addressed the factors delineated in *Vicencio*, albeit without referencing each factor. With regard to the first factor, whether the violation was willful or accidental, the trial court pointed out that plaintiff's counsel had not complied with the trial court's scheduling order and had also failed to respond to defense counsel's communications. It is reasonable to infer that these failures were not inadvertent. With regard to the second factor, plaintiff's history of refusing to comply with previous court orders, again, the trial court noted that plaintiff failed to comply with the trial court's scheduling order, and noted that plaintiff had "done absolutely nothing for the last year . . . ." With respect to the third factor, prejudice to the opposing party, and the fourth factor, history of deliberate delay, again, the trial court noted that plaintiff had done nothing in the approximate 10 months after filing the complaint, from which it is reasonable to conclude that defendant was hindered in its ability to defend the lawsuit. Indeed, this utter failure to respond, including the cancellation of 3

scheduled depositions of plaintiff on the eve of each deposition, led defendant to seek an adjournment of the case evaluation. With respect to the fifth factor, degree of compliance with other parts of the court's orders, the trial court indicated that plaintiff failed timely to comply with discovery requests and did not file a witness list. With respect to the sixth factor, attempts to cure the defect, the trial court noted that plaintiff did not attempt to cure the defects until the eve of the hearing on the motion to dismiss. With respect to the seventh factor, consideration of lesser sanctions, the trial court rejected plaintiff's request to dismiss the case without prejudice, stating "You've done absolutely nothing for the last year, nothing." Therefore, the trial court considered dismissal without prejudice, but rejected that option. Plaintiff further argues that the trial court used its opinion that plaintiff's case was a "piddly-wink case" to justify its refusal to entertain alternative sanctions. However, the trial court did not fail to consider lesser sanctions; rather, the trial court rejected lesser sanctions in favor of dismissal with prejudice.[1]

In sum, the trial court considered that plaintiff had failed to comply with the trial court's scheduling order, had failed to respond to defendant's discovery requests, had failed to respond to defendant's communications, and had failed to move forward in any way after filing the complaint until the eve of the hearing on the motion to dismiss. Although the trial court could have addressed the *Vicencio* factors more fully on the record, under these circumstances, the trial court did not abuse its discretion in dismissing plaintiff's complaint with prejudice.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan
/s/ Michael F. Gadola

---

[1] While we do not condone the trial court's description of plaintiff's cause of action as a "piddly-wink case," and urge the trial court to be more judicious in its choice of words in the future, the trial court's frustration was understandable. This remark was made in the course of accurately observing that a case of this nature did not warrant being placed on a slower litigation track.