*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CORE CONTRACTING, INC.,

      Plaintiff/Counterdefendant/Cross-
Defendant-Appellant,

v

GREEN OAK PHASE II OWNER, LLC,

      Defendant/Counterplaintiff/Cross-
Defendant-Appellee,

and

RD MCLAREN & SON PLUMBING CO.,

      Defendant/Cross-Plaintiff-Appellee,

and

PREMIUM AIR SYSTEMS, INC., J & E
ELECTRIC, INC., and INDEPENDENCE
COMMERCIAL CONSTRUCTION, INC.,

      Defendants.

UNPUBLISHED
June 6, 2019

No. 340966
Livingston Circuit Court
LC No. 17-029281-CH

Before: SWARTZLE, P.J., and M. J. KELLY and TUKEL, JJ.

PER CURIAM.

Plaintiff, Core Contracting, Inc., appeals by delayed leave granted the trial court's order dismissing plaintiff's breach of contract action against defendants, Green Oak Phase II Owner,

LLC (Green Oak) and RD McLaren & Son Plumbing Co. (McLaren).[1]  The trial court dismissed the case after no party appeared during a court-ordered status conference set to occur on May 9, 2017.  The trial court denied plaintiff's motion to reinstate the case and its subsequent motion for reconsideration.[2]  We reverse and remand for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

At the time this lawsuit was filed, the clerk of the trial court provided plaintiff's counsel with a scheduling order, which designated several dates for various proceedings, including a status conference to take place on May 9, 2017.  The scheduling order required plaintiff to serve a copy of the order on each defendant.  However, plaintiff's counsel failed to serve the scheduling order on the other parties or record the date on his calendar.  Consequently, no party appeared for the court-ordered status conference.  The trial court dismissed the case the following day "for failure to appear."

Almost three months later, on August 9, 2017, plaintiff filed a motion under MCR 2.612(C)(1)(a) to reinstate the case, arguing that dismissal was not warranted under the factors set out in *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995).  After a hearing, the trial court denied plaintiff's motion to reinstate the case.  In support of its decision, the court noted that plaintiff had twice violated the scheduling order,[3] that plaintiff had delayed seeking reinstatement until "nearly four months after the dismissal was entered,"[4] and that, as of the hearing date, plaintiff still had not served the scheduling order on the other parties; however, there is no indication that the court considered whether a lesser sanction would be more appropriate.  The trial court subsequently denied plaintiff's motion for reconsideration, again without addressing possible lesser sanctions.

## II.  ANALYSIS

This Court reviews a trial court's decision dismissing an action for an abuse of discretion.  *Id.* at 506.  A trial court abuses its discretion when it selects an outcome that falls "outside the principled range of outcomes."  *Auto-Owners Ins Co v Keizer-Morris, Inc*, 284 Mich App 610, 612; 773 NW2d 267 (2009) (quotation marks and citation omitted).  The trial court also abuses its discretion when it makes an error of law.  *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

---

[1] Additional defendants in this case were Premium Air Systems Inc., J & E Electric Inc., and Independence commercial Construction Inc., but these companies are not parties on appeal.

[2] McLaren, as cross-plaintiff, also unsuccessfully sought reinstatement of the case in the trial court; however, it has not appealed.

[3] The trial court presumably meant that plaintiff had both failed to appear and failed to serve the scheduling order on the other parties.

[4] As noted, plaintiff's motion to reinstate was filed three months, not four months, after the entry of the dismissal order.

We conclude that the trial court abused its discretion by dismissing this case because, while it considered most of the *Vicencio* factors on the record, it did not consider any lesser, available sanctions.

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). "A court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial." *Vicencio*, 211 Mich App at 506, citing MCR 2.504(B)(1). However,

> [d]ismissal is a drastic step that should be taken cautiously. Before imposing such a sanction, the trial court *is required to carefully evaluate all available options* on the record and conclude that the sanction of dismissal is just and proper. [*Vicencio*, 211 Mich App at 506 (emphasis added; citations omitted).[5]]

Here, the trial court did mention that it should consider "whether a lesser sanction would best serve the interests of justice,"[6] but for unknown reasons, the trial court did not discuss any such considerations on the record.[7] Therefore, we hold that the trial court abused its discretion. While both plaintiff and Green Oak argue on appeal that the *Vicencio* factors support their respective positions, it is not the duty of this Court to evaluate the factors independently. See *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 631; 420 NW2d 835 (1987) (declining to usurp the trial court's function of evaluating in the first instance whether dismissal was the most appropriate sanction).

---

[5] Furthermore, we note that consistent with the principle enunciated in *Vicencio*, the trial court under MCR 2.401(G)(2) *must* excuse the failure to attend the court-ordered conference if the trial court finds either that "dismissal would cause manifest injustice" or that the failure to attend "was not due to the culpable negligence of the party or the party's attorney."

[6] *Vicencio*, 211 Mich App at 507, provides a nonexhaustive list that a court should consider before dismissing an action, which include the following:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice.

The trial court cited *Vicencio* and these factors, including the relevant factor (7), but did not otherwise address any lesser sanctions and why they would not better serve the interests of justice.

[7] Nor did the trial court address alternative sanctions in its opinion and order denying plaintiff's motion for reconsideration.

We reverse the decision of the trial court and remand for the court to consider the propriety of alterative sanctions. Our ruling should not be interpreted as saying that dismissal necessarily is inappropriate. Instead, we simply hold that evaluation on the record of other available options is required before dismissal may be ordered.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Michael J. Kelly
/s/ Jonathan Tukel