*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALEX BOYKO,

        Plaintiff/Counterdefendant-Appellant,

v

JON LARSON and TATTOO DEPOT, also known as DEPOT TOWN TATTOO,

        Defendants/Counterplaintiffs-
        Appellees,

and

DAWN COOKE, HARLEQUIN TATTOO, and KYLE HATHAWAY,

        Defendants-Appellees.

UNPUBLISHED
February 25, 2021

No. 349698
Wayne Circuit Court
LC No. 2018-000500-CZ

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Plaintiff Alex Boyko appeals by right the trial court's order dismissing with prejudice an action that he had filed against defendants Jon Larson, Tattoo Depot (TD), Dawn Cooke, Harlequin Tattoo, and Kyle Hathaway. The trial court dismissed Boyko's lawsuit as a sanction for his failure to properly and fully prepare a final pretrial order for the court's signature which Boyko had been ordered to submit no later than seven days before the scheduled date of trial. Because the court did not expressly discuss and analyze the factors that must be considered when contemplating the drastic sanction of dismissal, we vacate and remand for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises from multiple social media and blog posts by defendants, competitor tattoo artists and tattoo shops, alleging that Boyko, a well-known tattoo artist, sexually harassed and assaulted his clients. Boyko alleged three counts of defamation, one count each for Larson,

Hathaway, and Cooke. Boyko also alleged three counts of tortious interference with a business relationship, one count each for Larson, Hathaway, and Cooke. Next, Boyko alleged three counts of intentional infliction of emotional distress, one count each for Larson, Hathaway, and Cooke. Finally, Boyko alleged a claim seeking injunctive relief against Larson, Hathaway, and Cooke. Boyko did not identify any counts in the complaint as being directed against Harlequin or TD.

Pursuant to a preliminary pretrial order, Boyko was required to prepare and file a proposed final pretrial order (FPO) and to serve the FPO on counsel and present it to the court "no later than 7 days prior to the trial date." The trial was scheduled for April 8, 2019; consequently, the FPO had to be filed with the court no later than April 1, 2019. Under the pretrial order, defendants were required to provide information to Boyko to be used for his preparation of the FPO "no later than 21 days before the trial date." The pretrial order listed all of the information that had to be included in the FPO, encompassing matters such as witnesses, exhibits, legal theories, recitation of facts, claims, defenses, likely evidentiary problems, estimated length of trial, proposed findings of fact and conclusions of law, the possibility of arbitration or settlement, and requested jury instructions. The pretrial order also indicated that once Boyko obtained the information from defendants, Boyko was to prepare the FPO and schedule an FPO conference with defense counsel in the office of Boyko's attorney in order "to review and agree upon the [FPO]." The pretrial order further stated that the FPO "should provide for the signature of the Court, which, when signed, will become an Order of the Court." The pretrial order indicated that the FPO must be a single document and that the trial court would not accept separate documents proposed by each party. Finally, the pretrial order warned that failure to strictly comply with the order may result in dismissal or a number of lesser sanctions.

On March 18, 2019, Hathaway filed a document that included his defense-input information relative to Boyko's preparation of the FPO. A proof of service revealed that it was e-served on Boyko's counsel on that same date. On March 19, 2019, Cooke and Harlequin filed a document that included their defense-input information relative to Boyko's preparation of the FPO. A proof of service revealed that it was e-served on Boyko's attorney on that same date. On March 19, 2019, Larson and TD filed various documents that included a concise statement of defenses and claims, a witness list, and trial exhibits. Evidently, these filings were intended by Larson and TD to comply with their obligations to submit defense-input information to Boyko for purposes of Boyko's preparation of the FPO. According to a proof of service, Larson and TD's documents were e-served on Boyko's counsel on March 19, 2019.

About thirty minutes before the April 1, 2019 deadline imposed by the pretrial order expired, Boyko e-filed the FPO with the trial court. The FPO set forth Boyko's factual allegations, the legal issues from Boyko's perspective regarding the defamation and tortious interference claims, Boyko's list of witnesses, and, in part, an extremely cursory summarization of those witnesses' prospective testimony. The FPO did not incorporate the information defendants had submitted and otherwise fell woefully short of containing the extensive information the pretrial order mandated. On April 2, 2019, the trial court sent e-mails to Boyko's attorney advising that the FPO had been "rejected" for failure to include a signature line for the judge, failure to include a case number and case type on the cover sheet for the FPO, and failure to file documents in an upright position. It appears that these rejections were generated by the circuit court clerk's office.

At a hearing held on April 8, 2019, which had been the date set for trial, the trial court heard arguments by counsel regarding the various shortcomings of the FPO Boyko had filed. The trial court found that Boyko had not complied with the pretrial order. Indeed, the court questioned whether Boyko had even completed 50 percent of what the FPO required. After pointing out that the pretrial order provided for the sanction of dismissal for noncompliance, the court then dismissed Boyko's action. On April 11, 2019, the trial court entered a formal order dismissing Boyko's lawsuit with prejudice. On June 20, 2019, the trial court entered an order denying Boyko's motion for relief from judgment.[1] This appeal ensued.

## II. ANALYSIS

"A trial court's dismissal of a case for failure to comply with the court's orders is . . . reviewed for an abuse of discretion." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). In *Maldonado*, 476 Mich at 376, our Supreme Court observed:

> We reiterate that trial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action. This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. [Citations omitted.]

The *Maldonado* Court also indicated that MCL 600.611 and MCR 2.504(B)(1) give authority to a court to dismiss an action as a sanction for failing to abide by a court order. *Id.* MCL 600.611 provides that "[c]ircuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments." MCR 2.504(B)(1) provides that "[i]f a party fails to comply with . . . a court order, upon motion by an opposing party, or sua sponte, the court may enter a . . . dismissal of the noncomplying party's action or claims." "Dismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Before imposing the sanction of dismissal, a trial court must carefully evaluate all available options and "conclude that the sanction of dismissal is just and proper." *Id.* "Our legal system favors disposition of litigation on the merits." *Id.* at 507.

In *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008), this Court stated that before taking the drastic step of dismissal when sanctioning a party, a trial court is required to consider several factors, including:

---

[1] As he had done at the hearing on April 8, 2019, Boyko's attorney continued to claim that defendants had not served or delivered to him the documents containing the information that defendants wished to have included in the FPO. In the motion for relief from judgment, Boyko acknowledged that defendants had filed their informational documents on or about March 18, 2019, which is consistent with the record, but that defendants had done so "without consulting [Boyko's] counsel," which is not consistent with the record, as proofs of service indicated that Boyko's counsel was e-served the informational documents on March 18 and 19, 2019.

(1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [Quotation marks and citation omitted.]

We shall refer to these factors as the "dismissal-sanction factors." The quoted list is not to be considered exhaustive. *Vicencio*, 211 Mich App at 507. The trial court need not make explicit findings on each dismissal-sanction factor, but there should be some indication in the record that the trial court considered those factors that were relevant.

It is clear from the record that the trial court did not engage in a discussion and analysis of the dismissal-sanction factors before dismissing Boyko's lawsuit, including evaluation of whether a lesser sanction would better serve the interests of justice. It would not be appropriate for us, in the first instance, to examine the factors and opine to their application as based on the record. Rather, we must remand this matter to the trial court for proper consideration of the dismissal-sanction factors and a determination of the appropriate sanction. To be clear, we are not ruling that dismissal was either appropriate or inappropriate; we are simply directing the trial court to undertake the correct analysis pursuant to the governing criteria and make a decision on that basis.

We vacate and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Jonathan Tukel

-4-