VICENCIO v JAIME RAMIREZ, MD, PC

Docket No. 169320. Submitted March 21, 1995, at Detroit. Decided
    June 16, 1995, at 9:05 A.M.

Normita D. Vicencio, M.D., brought an action in the Wayne
    Circuit Court against Jaime Ramirez, M.D., P.C., alleging
    breach of a contract whereby the plaintiff was to treat the
    defendant's patients. The defendant filed a counterclaim alleg-
    ing that the plaintiff breached her fiduciary duty to the defen-
    dant. The court, Richard P. Hathaway, J., denied the plaintiff's
    motion for summary disposition of the counterclaim. The par-
    ties agreed to a settlement at a settlement conference, but
    could not agree with regard to a time frame for the payment.
    The court stated that it would proceed to trial that same day
    and, because the plaintiff was not present, the court dismissed
    the case. The plaintiff appealed.

    The Court of Appeals held:

    1. The dismissal of the plaintiff's claim was invalid because
    she was not afforded notice of the date of the trial. The notice
    of the settlement conference given to the plaintiff was mislead-
    ing and was not reasonably calculated to apprise the plaintiff of
    the pendency of the action. The notice did not satisfy the due
    process requirement to provide notice of the date of the trial.

    2. Even if the plaintiff received adequate notice of the date of
    the trial, a dismissal was not appropriate here because the trial
    court abused its discretion by dismissing the case without
    evaluating other available options on the record. If the plain-
    tiff's absence required a sanction, a lesser sanction than dis-
    missal would have better served the interests of justice. The
    court abused its discretion in imposing the harsh sanction of
    dismissal.

    3. The defendant's counterclaim is not so clearly unenforcea-
    ble as a matter of law that no factual development could
    possibly justify a right of recovery. Therefore, the trial court

REFERENCES
Am Jur 2d, Agency § 210; Constitutional Law §§ 827, 829; Dis-
missal, Discontinuance, and Nonsuit §§ 41, 45, 46, 63; Trial § 69.
See ALR Index under Agents and Agency; Dismissal, Discontinu-
ance, and Nonsuit; Due Process; Notice and Knowledge; Trial.

did not err in denying the plaintiff's motion for summary disposition of the counterclaim.

4. The trial court properly denied summary disposition of the plaintiff's claim because there were genuine issues of material fact upon which reasonable minds could differ with regard to the claim.

Affirmed in part and reversed in part.

1. ACTIONS — DUE PROCESS — NOTICE.

Due process in civil cases requires notice of the nature of the proceeding; the notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections.

2. TRIAL — NOTICE.

A party must be given twenty-eight days' notice of a trial unless a rule or statute provides otherwise with regard to a particular type of action; it is improper to dismiss an action where the required notice was not given; the notice must be worded in a manner that would not mislead its recipient in deciding how to respond to the notice (MCR 2.501[C][1]).

3. ACTIONS — DISMISSAL — NOTICE — REINSTATEMENT.

A case must be reinstated as a matter of right where a party did not receive adequate notice before the case was dismissed.

4. TRIAL — SANCTIONS — DISMISSAL.

A trial court, before imposing the sanction of dismissal of an action, is required to evaluate carefully on the record all available options and conclude that the sanction of dismissal is just and proper; the trial court's decision is reviewed for an abuse of discretion; factors that the court should consider before imposing the sanction of dismissal include: whether the violation was wilful or accidental, the party's history of refusing to comply with previous court orders, the prejudice to the opposing party, whether there exists a history of deliberate delay, the degree of compliance with other parts of the court's orders, attempts to cure the defect, and whether a lesser sanction would better serve the interests of justice.

5. ACTIONS — FIDUCIARY RELATIONSHIPS.

A fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one upon the judgment and advice of another; relief may be granted where such influence has been acquired and abused, or where confidence has been reposed and betrayed.

*Romeo C. Lagonoy,* for the plaintiff.

*Kull & Kull* (by *David L. Kull*), for the defendant.

Before: CONNOR, P.J., and WAHLS and HOEKSTRA, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's dismissal of this action alleging breach of contract. We affirm the trial court's denial of plaintiff's motion for summary disposition with regard to defendant's countercomplaint. However, we reverse the order dismissing plaintiff's claim against defendant and remand for further proceedings.

On February 1, 1990, plaintiff and defendant entered into a contract for employment whereby plaintiff would treat defendant's patients. Plaintiff subsequently filed this claim alleging that defendant refused to pay money that was owed under the contract. Defendant filed a counterclaim alleging that plaintiff breached her fiduciary duty to defendant.

Plaintiff moved for summary disposition, arguing that defendant's countercomplaint failed to state a claim upon which relief could be granted. The trial court denied the motion. At the final settlement conference, the parties agreed to a settlement of $14,000, but could not agree to a time frame for payment. The trial court stated that the case would proceed immediately to trial. Because plaintiff was not present, the trial court dismissed the case.

Plaintiff argues that the dismissal of her claim was invalid because she was not afforded notice of the date of trial. We agree. This issue presents a question of law that we review de novo. *In re*

*Rupert,* 205 Mich App 474, 479; 517 NW2d 794 (1994). Although the date of the settlement conference and the date of the trial were the same, the trial court made it clear that the dismissal was caused by plaintiff's failure to appear at trial:

> Well, it shocks me that the plaintiff does not want to take this $14,000 which is $2,000 above the mediation, over that particular time period.
>
> I do not find that to be unreasonable. However, what I do find to be unreasonable is that this particular date in time is the settlement conference, the attorneys are not willing to resolve this matter.
>
> This case goes to trial. I have talked to plaintiff's counsel and he has informed me that his client is not present. He has been relaying messages of this settlement conference to her by phone.
>
> Since today is the date and time set for trial and she is not present here today, I am going to dismiss this case. Good luck to you.

Generally, due process in civil cases requires notice of the nature of the proceeding. *Klco v Dynamic Training Corp,* 192 Mich App 39, 42; 480 NW2d 596 (1991). In any proceeding involving notice, due process requires that the notice given be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Tempco Heating & Cooling, Inc v A Rea Construction, Inc,* 178 Mich App 181, 189; 443 NW2d 486 (1989); *Trussell v Decker,* 147 Mich App 312, 323; 382 NW2d 778 (1985).

MCR 2.501(C) requires that a party be given twenty-eight days' notice of trial. *Tempco, supra,* p 189. It is improper to dismiss a case where the required notice was not given. *King v McCullough,*

411 Mich 914 (1981); *Bell v Fuksa,* 159 Mich App 649, 662; 406 NW2d 900 (1987); *Flack v Waite,* 18 Mich App 339, 340; 170 NW2d 922 (1969). However, MCR 2.501(C)(1) provides an exception to the notice requirement if "a rule or statute provides otherwise as to a particular type of action." Here, Wayne Circuit LCR 2.401(A) provides:

> A mandatory settlement conference must precede the trial of a civil action. It is to be held immediately before the trial is scheduled to commence. . . .
> . . . If the action is not settled at the settlement conference, trial will commence immediately following the conference unless a trial judge is unavailable.

It is not disputed that plaintiff received adequate notice of the settlement conference. Notice of the settlement conference, taken in conjunction with the local court rule, would satisfy the notice requirement in most cases. MCR 2.501(C)(1); *Tempco, supra,* p 189.

However, notice must be worded in a manner that would not mislead its recipient in deciding how to respond to the notice given. *Trussell, supra,* p 323. Here, the notice that was given was entitled, "Notice of Settlement Conference." This notice provided, in part:

> TRIALS:
> 1. CIVIL ACTIONS
> This is *not* a notice of trial. The trial date will be determined by the assigned judge at the settlement or final pre-trial conference. Bring your scheduling calendar with you to these conferences so that a firm, conflict-free trial date may be set.

2. DIVORCE ACTIONS

· *This notice will serve as your notice of trial.* You are required to be prepared for immediate trial at the conclusion of the settlement conference. [Emphasis in original.]

This notice not only states, but emphasizes, that it is not a notice of trial. In contrast, the section governing divorce actions states explicitly that it is a notice of trial. Moreover, the notice states that its recipients should bring a scheduling calendar to set the date of trial. Under all the circumstances, this notice was misleading and was not reasonably calculated to apprise plaintiff of the pendency of the action. *Trussell, supra,* p 324. Accordingly, it did not satisfy the due process requirement to provide notice of the date of trial. *Id.* Where a party has not received adequate notice before dismissal of a lawsuit, reinstatement of the case is a matter of right. *Belt v Davis & Randall, Inc,* 62 Mich App 315, 319; 233 NW2d 268 (1975).

Even if plaintiff had received adequate notice of the date of trial, a dismissal here was inappropriate. A court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial. MCR 2.504(B)(1); *Zerillo v Dyksterhouse,* 191 Mich App 228, 230; 477 NW2d 117 (1991). This Court reviews a trial court's decision to dismiss an action under an abuse of discretion standard. *Zantop Int'l Airlines, Inc v Eastern Airlines,* 200 Mich App 344, 359; 503 NW2d 915 (1993).

Dismissal is a drastic step that should be taken cautiously. *Barlow v John Crane-Houdaille, Inc,* 191 Mich App 244, 251; 477 NW2d 133 (1991). Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper. *Hanks v SLB Management, Inc,* 188 Mich App 656, 658; 471 NW2d 621 (1991). Here, because the trial court did not evalu-

ate other available options on the record, it abused its discretion in dismissing the case. *Id.; Houston v Southwest Detroit Hosp,* 166 Mich App 623, 631; 420 NW2d 835 (1987).

Moreover, under these facts, dismissal was inappropriate. Our legal system favors disposition of litigation on the merits. *North v Dep't of Mental Health,* 427 Mich 659, 662; 397 NW2d 793 (1986). This Court has summarized some of the factors that a court should consider before imposing the sanction of dismissal: (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. *Dean v Tucker,* 182 Mich App 27, 32-33; 451 NW2d 571 (1990). This list should not be considered exhaustive. *Id.,* p 33.

Here, it is unclear whether plaintiff's absence at the settlement conference was wilful or accidental. However, plaintiff did not have a history of refusing to comply with previous court orders. Moreover, defendant was not unduly prejudiced by plaintiff's absence. There was no record evidence that plaintiff failed to comply with other parts of the court's order. If plaintiff's absence required a sanction, a lesser sanction than dismissal would have better served the interests of justice. Under these circumstances, the trial court abused its discretion in imposing the harsh sanction of dismissal.

Plaintiff's remaining arguments are without merit. Plaintiff argues that the trial court erred in denying her motion for summary disposition regarding defendant's countercomplaint. We dis-

agree. In its countercomplaint, defendant alleged that plaintiff breached the fiduciary relationship between the parties. The complaint did not allege tortious interference with a contractual relation as plaintiff argues in her appellate brief. Accordingly, the authority that plaintiff cites in her appellate brief is not persuasive.

Moreover, a fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one upon the judgment and advice of another. *Ulrich v Federal Land Bank of St Paul,* 192 Mich App 194, 196; 480 NW2d 910 (1991). Relief is granted when such position of influence has been acquired and abused, or when confidence has been reposed and betrayed. *Smith v Saginaw Savings & Loan Ass'n,* 94 Mich App 263, 274; 288 NW2d 613 (1979). Here, defendant alleged that plaintiff made copies of defendant's confidential files and used them to solicit defendant's patients. Because defendant's claim is not so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery, the trial court did not err in denying plaintiff's motion for summary disposition. MCR 2.116(C)(8); *Ulrich, supra,* p 196.

Next, plaintiff argues that the trial court should have granted her motion for summary disposition regarding her claim. Plaintiff produced evidence that defendant owed her a total of $18,966.37. Defendant admitted that it owed plaintiff $8,269.16, but denied that it had breached the contract between plaintiff and defendant. Defendant alleged that plaintiff had not performed all her contractual obligations. Because there are genuine issues of material fact upon which reasonable minds could differ, summary disposition with regard to plaintiff's claim was inappropriate. MCR

2.116(C)(10); *Michaels v Amway Corp,* 206 Mich App 644, 649; 522 NW2d 703 (1994).

Plaintiff argues in the alternative that the trial court should have granted her motion for summary disposition because the relevant employment contract was modified. In addition, plaintiff argues that the trial court demonstrated bias in favor of defendant and its counsel. Finally, plaintiff argues that she is entitled to costs and attorney fees. However, plaintiff did not properly preserve these issues for appeal by presenting them before the lower tribunal. *Sokolek v General Motors Corp (On Remand),* 206 Mich App 31, 36; 520 NW2d 668 (1994). Moreover, plaintiff failed to follow the required procedure to disqualify a judge because of bias. MCR 2.003(C); *Dickey v Fluhart,* 146 Mich App 268, 275; 380 NW2d 76 (1985).

Affirmed in part and reversed in part. We do not retain jurisdiction.