# STATE OF MICHIGAN

# COURT OF APPEALS

CULLEY STROMAN,

       Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF
AMERICA,

       Defendant-Appellee.

UNPUBLISHED
December 9, 2014

No. 318004
Wayne Circuit Court
LC No. 12-009954-NF

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order of dismissal in this no-fault action. Plaintiff contends that the trial court imposed the harshest sanction—dismissal—without analyzing the relevant factors. We remand.

## I. DISMISSAL

## A. STANDARD OF REVIEW

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

## B. ANALYSIS

MCR 2.313(D)(1) provides that if a party fails to appear for a deposition or fails to serve answers to interrogatories, "on motion, the court in which the action is pending may order such sanctions as are just. Among others, it may take an action authorized under subrule (B)(2)(a), (b), and (c)." Subrule (B), in turn, details various sanctions the trial court may impose, which includes dismissal.

Before selecting the sanction of dismissal, the trial court should consider the following factors:

-1-

(1) Whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the other party; (4) actual notice to the other party of the witness and the length of time prior to trial that the other party received such actual notice; (5) whether there exists a history of the party's engaging in deliberate delay; (6) the degree of compliance by the party with other provisions of the court's order; (7) an attempt by the party to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Bass v Combs*, 238 Mich App 16, 26-27; 604 NW2d 727 (1999), overruled in part on other grounds 481 Mich 618 (2008).]

"The record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it." *Id.* at 26. Because dismissal is considered a drastic sanction, the "trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995); *Brenner v Kolk*, 226 Mich App 149, 163; 573 NW2d 65 (1997); *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998).

In this case, the trial court dismissed the action without articulating an analysis of the factors listed above. The court never mentioned *Bass* nor its progeny. The court's singular finding was that "[t]here has been willful violation of every court order for discovery that I have entered in this case." When plaintiff informed the court that he missed the depositions because he was incarcerated, and submitted proof of incarceration, the trial court merely replied: "I don't know that that's accurate." The record does not "reflect that the trial court gave careful consideration to the factors involved. . . ." *Bass*, 238 Mich App at 26.[1]

In addition, because of this failure, we are left to speculate whether any alternate sanctions of a less drastic nature were available to the trial court. *Vicencio*, 211 Mich App at 506. The trial court did not "carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id.* The trial court summarily imposed the harshest sanction—dismissal—with no supporting analysis or reasoning. Even after the motion for reconsideration was filed, the trial court again provided no analysis or reasoning, but merely affirmed its prior ruling.

Although the trial court did not indicate the factors it considered or specify its consideration of lesser sanctions as required, the record evidence demonstrates that the trial court's efforts to resolve the ongoing discovery disputes were quite generous. The trial court should take the opportunity to articulate its reasoning behind its determination to dismiss the case, including the lesser sanctions that it considered, on the record.

---

[1] While the trial court referenced an unpublished opinion of this Court, it provided no actual analysis of or explanation of similarity.

## II. CONCLUSION

Because the trial court failed to evaluate the relevant factors or consider lesser sanctions, it abused its discretion in dismissing the case. We remand for further consideration consistent with this opinion. We retain jurisdiction.


/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

# Court of Appeals, State of Michigan

## ORDER

Culley Stroman v Citizens Insurance Company of America

Docket No.     12-009954-NF

LC No.     318004

Michael J. Riordan
Presiding Judge

Henry William Saad

Michael J. Talbot
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

The proceedings on remand shall be concluded within 56 days after the date this order is issued. As stated in the opinion, *Stroman v Citizens Insurance Company of America*, unpublished opinion per curiam of the Court of Appeals (Docket No. 318004), the trial court is ordered to articulate its reasoning behind its determination to dismiss the case, including the lesser sanctions that it considered. The proceedings on remand are limited to those issues.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

DEC 09 2014
_____
Date

_____
Chief Clerk