# STATE OF MICHIGAN

# COURT OF APPEALS

JOSEPH ROMANCHUCK, JR.,

        Plaintiff-Appellee/Cross-Appellant,

v

FORD MOTOR COMPANY,

        Defendant-Appellant/Cross-
        Appellee,

and

ALBION MOTORS FORD MERCURY, INC.,

        Defendant.

UNPUBLISHED
February 4, 2016

No. 324088
Calhoun Circuit Court
LC No. 2012-001042-nz

Before: SHAPIRO, P.J., and O'CONNELL and BORRELLO, JJ.

O'CONNELL, J. (*concurring in part and dissenting in part*).

I respectfully dissent from that portion of the majority opinion that directs the trial court to assess sanctions and costs against defendant. I concur in the balance of the majority opinion.

First, I note that defendant prevailed on appeal and should be able to tax costs as the prevailing party. See MCR 7.219(A). Second, I would not order the trial court to sanction defendant for the additional proceedings.

The trial court's process for notifying defense counsel of the time and place of trial in this matter was untenable. It is uncontested that defendant did not receive "actual notice" of when trial was to commence. The majority opinion describes the notification process as follows:

> On June 10, 2013, the trial court's secretary attempted to call the parties to inform them that trial was scheduled for the next morning, June 11, 2013, at 8:30 a.m. Messages were left on respective counsels' voicemails. According to defense counsel, the following message was left on his work voicemail at 2:21 p.m. on June 10, 2013:

> Hi, this is . . . Judge Kingsley's office, calling on the Romanchuck v Ford Motor Credit [sic], um, trial that's scheduled. We, um, are calling on the attorneys to,

-1-

well, originally I guess there's some confusion as to which, um, date we were calling this case in. Um, Judge wants the attorneys here tomorrow, which is Tuesday, June 11th at 8:30 to start, we're going to do jury selection at 8:30 Tuesday, and then Wednesday we will begin proofs on this case. If you have any questions you can call me back[.]

Defense counsel averred that he "did not receive the message and had never been informed by the Court of its unusual practice of calling parties into trial on 2 1⁄2 [business] hours' notice via voicemail.

Nevertheless, the trial court defaulted the defendant and initially entered a judgement of $33,924.56. After costs, attorney fees, and judgment interest, the total judgment was $49,611.66. In part, $15,687.10 was for defense counsel's non-appearance at trial. Because of further error not of defendant's making, this judgment was set aside and a new trial was held on damages. In part, the majority opinion directs that the trial court may assess costs or sanctions to defendant for these additional proceedings.

While trial courts may vary their process for notifying litigants of the time and date for a trial, the process employed must be reasonably calculated to give actual notice to the parties. *Vicencio v Ramirez*, 211 Mich App 504-505; 536 NW2d 280 (1995). In the present case, after delaying the trial date numerous times, the trial court unceremoniously left a message on defense counsel's answering machine late in the afternoon of June 10, 2013, directing counsel to appear the next morning for trial. Despite the clearly inadequate notification process, the majority opinion states, "On remand, the trial court may, in its discretion, impose a lesser sanction for defense counsel's failure to appear, including the assessment of plaintiff's costs and attorney fees incurred by plaintiff from June 11, 2013 through the date the instant claim of appeal was filed." I conclude that this sanction is excessive when counsel or his staff did not receive actual notice that trial was to begin and did not willfully fail to appear.

While it is highly usual for this Court to direct a trial court to impose sanctions in such a specific manner, it is more unusual for this Court to direct the trial court to impose sanctions on a party that has suffered error and prevailed on appeal. Under these circumstances, sanctions are inappropriate.

I would reverse but not impose sanctions.

/s/ Peter D. O'Connell