*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIAN CORRALES, SR.,

       Plaintiff-Appellant,

v

JOSEPH DUNN,

       Defendant,

and

HASTINGS MUTUAL INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
May 30, 2019

No. 343586
Kent Circuit Court
LC No. 15-011196-NI

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Plaintiff, Julian Corrales, Sr., appeals as of right from an order granting defendant Hastings Mutual Insurance Company's motion for dismissal. For the reasons stated below, we reverse the trial court's order dismissing plaintiff's claim and remand the matter for further proceedings.

## I. BASIC FACTS

This case arises out of a March 3, 2015 motor vehicle accident. Plaintiff was driving in Grand Rapids, Michigan, when another driver, Joseph Dunn,[1] failed to yield the right of way to plaintiff's vehicle, causing a collision in which plaintiff became disabled. Defendant provided

---

[1] Dunn was dismissed as a party pursuant to a settlement agreement; he is not participating in this appeal.

-1-

plaintiff with uninsured/underinsured motorist insurance coverage. Plaintiff filed the instant claim in December of 2015, and later settled for policy limits against Dunn. After case evaluation, the trial court ordered the parties to participate in mediation with the Dispute Resolution Center of Western Michigan, which was located near plaintiff's residence. The trial court's order stated:

> Parties and attorneys shall attend the mediation session scheduled by either the Center or designated mediator.

> \* \* \*

> Failure to attend the mediation as directed or to pay the mediation fee shall be treated as a failure to attend the mediation, subject to sanctions pursuant to MCR 2.410(D)(3).

> \* \* \*

> Failure to attend a scheduled ADR proceeding may result in a default or dismissal.

Defendant's counsel, along with a representative for defendant, and plaintiff's counsel attended the scheduled mediation in person. However, plaintiff failed to appear. Plaintiff's counsel called plaintiff and spoke with him for a period of time. After the call, he reported that plaintiff would not be attending the mediation in person but was able to participate telephonically. The mediation was then canceled.

Defendant subsequently filed a motion to dismiss for plaintiff's failure to attend the court-ordered mediation. At the hearing on defendant's motion, plaintiff's counsel advised the court that plaintiff's failure to appear was due to a staffing changeover at the law firm that resulted in a mailing error. Because of the mistake, plaintiff did not receive notice of the date and time of the mediation. Plaintiff's counsel argued that full dismissal was an extraordinary measure and that the situation did not merit such a harsh sanction.

The trial court agreed that dismissal is a "somewhat extraordinary remedy and usually a last resort." However, the court also noted that it was extraordinary that a plaintiff who had "been expressly directed to appear for a mediation session by court order fail[ed] to appear, and then when contacted by counsel, even though he live[d] in town, refus[ed] to appear at that point." The trial court decided, therefore, that dismissal was appropriate because plaintiff, in effect, had abandoned his cause.

## II. ANALYSIS

The sole issue on appeal is whether dismissal was a proper sanction under the circumstances. Plaintiff contends that it was not because he was available to attend the mediation telephonically and had no history of failing to participate in discovery or in the resolution process. Defendant argues to the contrary that dismissal was proper because the trial

-2-

court's order demanded plaintiff's attendance and did not specifically permit him to attend the mediation telephonically.

This Court reviews a trial court's decision to grant a motion to dismiss for an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995) (quotations marks and citations omitted). The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (quotations marks and citations omitted).

Defendant moved for dismissal pursuant to MCR 2.504(B) on the ground that plaintiff disobeyed the court order requiring him to attend mediation. See MCR 2.410(D)(3).[2] Dismissing a claim as a sanction for violation of a court order is an extremely drastic sanction that should rarely be a court's first resort; "[d]ismissal is a drastic step that should be taken cautiously." *Vicencio*, 211 Mich App at 506.

> This Court has summarized some of the factors that a trial court should consider before imposing the sanction of dismissal: (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507.]

"[T]he record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010) (quotation marks and citation omitted; alteration in original). A trial court's failure to

---

[2] MCR 2.410(D)(3) provides:

(3) Failure to Attend.

(a) Failure of a party or the party's attorney or other representative to attend a scheduled ADR proceeding, as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B).

(b) The court shall excuse a failure to attend an ADR proceeding, and shall enter a just order other than one of default or dismissal, if the court finds that

> (i) entry of an order of default or dismissal would cause manifest injustice; or

> (ii) the failure to attend was not due to the culpable negligence of the party or the party's attorney.

The court may condition the order on the payment by the offending party or attorney of reasonable expenses as provided in MCR 2.313(B)(2).

evaluate other options on the record before dismissing a case amounts to an abuse of discretion. See *Vicencio*, 211 Mich App at 506-507.

From the record before us, it appears that the trial court dismissed plaintiff's claim following one failure to appear as directed. There is no indication that the trial court explored less extreme sanctions for plaintiff's failure to appear personally at the mediation. Although it is unclear whether plaintiff's physical absence from the mediation was willful or accidental, the record does not indicate that plaintiff had a history of refusing to comply with previous court orders or that he was deliberately delaying the proceedings. See *Id*. at 507. In addition, plaintiff attempted to cure his defect by being available telephonically for the mediation. Further, there is no evidence on the record that defendant was unduly prejudiced by plaintiff's absence. In light of these considerations, the trial court's dismissal of plaintiff's claim as a sanction for not complying with the trial court's order to appear at mediation seems unduly harsh.

For the same reasons, we agree with plaintiff that the entry of a dismissal under the circumstances presented here causes manifest injustice. See MCR 2.410(D)(3)(b)(*i*). Plaintiff's lawsuit was filed in December 2015 and proceeded through extensive discovery, negotiations, settlement with the at-fault driver, and case evaluation until the dismissal in March 2018. Given plaintiff's pursuit of his claims thus far, it seems unreasonable to infer from plaintiff's single absence that he had abandoned his cause, particularly given his attorney's presence at the mediation and his offer to attend telephonically.[3] We conclude, therefore, that the trial court abused its discretion by levying the harsh sanction of dismissing plaintiff's claims and that dismissal of plaintiff's claims under the circumstances presented resulted in manifest injustice. If plaintiff's conduct required a sanction, a lesser sanction would have better served the interests of justice. See *Vicencio*, 211 Mich App at 507.

We reverse the trial court's order that granted defendant's motion for dismissal and remand the matter for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering

---

[3] Plaintiff also argues that his absence was not attributable to his or his attorney's culpable negligence, but to a mailing mistake occasioned by a change in staff. While this mistake arguably does not qualify as an excuse under MCR 2.410(D)(3)(b)(*ii*), dismissal of plaintiff's case after over two years of litigation under the circumstances before us would constitute a manifest injustice, MCR 2.410(D)(3)(b)(*i*).