*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HERBERT WG CLANTON,

        Claimant-Appellant,

v

SAMS CLUB and WAL-MART,

        Respondents-Appellees.

UNPUBLISHED
November 17, 2022

No. 359159
Ingham Circuit Court
LC No. 21-000232-AW

Before: M. J. KELLY, P.J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Herbert W. G. Clanton appeals by right the circuit court's order dismissing his petition for an "administrative review" of the Michigan Department of Civil Rights' denial of his request to reopen his complaint against Sam's Club and Wal-Mart. We affirm.

## I. FACTUAL BACKGROUND

Clanton filed a complaint with the Department alleging claims of discrimination against Sam's Club and Wal-Mart. The Department determined that it would not issue a charge on Clanton's behalf. Clanton challenged the adequacy of the Department's investigation and legal sufficiency supporting its recommendation. The Department declined Clanton's request to reopen his complaint.

Subsequently, Clanton filed a petition for "administrative review" in the circuit court. He asserted the Department violated various statutory and constitutional provisions. He sought money damages against the Department, Sam's Club, and Wal-Mart for claims of negligence, recklessness, failure to exercise due diligence, failure to exercise due care, malice, malice aforethought, fraud and collusion, and racial discrimination. The circuit court ordered Clanton to show cause why his petition should be considered an administrative appeal, and why his tort claims, employment claims, and requested damages would be included within that appeal. Clanton asserted he was entitled to appeal a final order of the Department under MCL 37.2606. But he did not address why his tort claims, employment claims, and requested damages should be considered part of the appeal. The circuit court dismissed the petition. This appeal followed.

-1-

## II.  STANDARD OF REVIEW

We review for an abuse of discretion a trial court's dismissal of a case for failure to comply with a court order.  *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).  A lower court abuses its discretion when its decision falls outside the range of principled outcomes. *Id*.  But "[w]hen the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment." *Id.* (quotation marks and citation omitted).

## III.  ANALYSIS

Clanton argues the circuit court abdicated its duties and obligations to uphold the Michigan and United States Constitutions, and unjustly denied him a forum.  We disagree.

"Generally, due process in civil cases requires notice of the nature of the proceeding." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995).  A party must have an opportunity to present objections before an action is dismissed. *Id*.  MCL 600.611 provides that "[c]ircuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments."  Accordingly, circuit courts "possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado*, 476 Mich at 388.  This authority has its basis in the court's interest in protecting its integrity and the judicial process. *Id*. at 389.  Deliberately disregarding a court's order may support dismissal. *Id*. at 396-397.

In this case, the circuit court ordered Clanton to address why his case should be considered an administrative appeal, and why his claims and requested damages should be included within the scope of the appeal.  Rather than address why his claims and requested damages should be considered part of the appeal, Clanton asserted the circuit court's order was "at minimum erroneous, misleading, and lacking in merit."  He argued the circuit court was failing to compensate him, and failing to provide him with a fair and impartial forum.  Because Clanton deliberately disregarded the circuit court's order to explain the basis for his appeal, we find that the court did not abuse its discretion by dismissing his petition.  And because Clanton had notice of the possible dismissal and an opportunity to defend against it, we conclude his due-process rights were not violated.[1]

Clanton makes various other assertions of error, including that he was erroneously discharged by respondents.  These arguments are not properly before this Court because they do

---

[1]  The circuit court's appellate jurisdiction includes jurisdiction to hear appeals from final orders of agencies from which a party has an appeal of right provided by law.  MCR 7.103(A).  Clanton had a statutory right to appeal the final order of the Department under MCL 37.2606(1).  But Clanton's appeal asserted separate tort and employment claims against the Department, Sam's Club, and Wal-Mart.  These claims extend well beyond the scope of the circuit court's appellate jurisdiction.

not address the basis of the lower court's decision.  See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004).

Affirmed.

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro
/s/ Sima G. Patel