*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CENNECA DARRYL HARMON,

Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

Defendant-Appellee.

UNPUBLISHED
October 22, 2024
10:31 AM

No. 366661
Wayne Circuit Court
LC No. 21-003833-NF

Before: YATES, P.J., and CAVANAGH and MARIANI, JJ.

PER CURIAM.

In this case arising under the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals by delayed leave granted[1] the trial court's order dismissing his complaint without prejudice for his failure to appear at a status conference. We vacate the trial court's order of dismissal and remand for further proceedings.

## I. BACKGROUND AND PROCEDURAL HISTORY

In September 2020, plaintiff was severely injured in a motor vehicle collision. During the following months, plaintiff visited several medical specialists, including a chiropractor, pain specialist, and neurosurgeon, to assess and treat his resulting injuries. Various tests and examinations revealed that plaintiff had sustained a torn anterior labrum in his shoulder, several bulging and herniated discs in his spine, and nerve damage in his hands. As a result of his injuries, plaintiff required assistance with regular day-to-day tasks such as cooking, cleaning, and lifting heavy objects.

---

[1] *Harmon v Progressive Marathon Ins Co*, unpublished order of the Court of Appeals, entered December 28, 2023 (Docket No. 366661).

On March 22, 2021, plaintiff, via retained counsel, filed a complaint against defendant, Progressive Marathon Insurance Company, seeking personal protection insurance ("PIP") benefits. Within a few months of filing the complaint, plaintiff was arrested in connection with the September 2020 accident.[2] Plaintiff was unable to post bond and, as a result, remained incarcerated throughout the remainder of the proceedings in this case.

Defendant moved multiple times to compel discovery, including plaintiff's deposition, throughout the case. In June 2022, defendant moved for partial summary disposition under MCR 2.116(C)(10) with respect to plaintiff's claims for household services and wage loss, which the trial court granted.[3] Then, in October 2022, plaintiff's counsel moved to withdraw due to a breakdown in the attorney-client relationship.[4] According to the motion, counsel visited plaintiff in jail a few days prior, where plaintiff told counsel that he was "fired" and claimed to have filed grievances against him with the Attorney Grievance Commission. The motion also indicated that plaintiff refused to discuss a settlement offer that had been made by defendant. The trial court permitted plaintiff's counsel to withdraw, and its order expressly instructed that, going forward, plaintiff must be served at his home address or by mail to his inmate number at the Wayne County Jail. Plaintiff thereafter proceeded without an attorney for the remainder of this case.

On December 5, 2022, the trial court ordered the parties to appear for a status conference scheduled on January 5, 2023. This order was mailed to plaintiff at the Wayne County Jail. Plaintiff failed to appear at the January 5, 2023 status conference,[5] and defendant requested that the case be dismissed based on plaintiff's failure to appear. The trial court granted defendant's request, stating: "Plaintiff or an attorney has failed to appear today. I'm going to dismiss the case, however, I'm going to dismiss it without prejudice, because I'm not sure whether or not the plaintiff is—is still incarcerated or not." Without any further explanation on the record or in writing, the trial court entered an order dismissing the case without prejudice, which only stated, "Plaintiff's Complaint and claims against Defendant are dismissed without prejudice." This appeal followed.[6]

---

[2] The exact date on which plaintiff was arrested is unclear from the record. The facts of plaintiff's arrest and the underlying criminal case are not relevant to this appeal.

[3] Defendant again moved for partial summary disposition under MCR 2.116(C)(8) and (C)(10) in October 2022 for various reasons, but the outcome of those motions is unclear from the record. Regardless, neither party raises any issue pertaining to those motions on appeal.

[4] Plaintiff's counsel also moved to amend the complaint to add the claims of plaintiff's medical providers, which the trial court denied. Plaintiff's medical providers are not involved in this appeal, and neither party raises an issue on appeal related to plaintiff's medical providers.

[5] The record as it stands does not make clear why plaintiff failed to appear. Plaintiff represents on appeal that he notified the jail of the conference but the jail failed to make him available for it.

[6] Plaintiff prepared a claim of appeal and timely mailed it, but he inadvertently mailed it to the Wayne County Clerk instead of this Court. The Wayne County Clerk returned it to him but, rather than directing him to the proper court in which to file his appeal, told him only that he needed to

## II. STANDARD OF REVIEW

We review for abuse of discretion a trial court's decision to dismiss a case for failure to comply with a court order. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Bradley v Progressive Marathon Ins Co*, 345 Mich App 126, 131; 3 NW3d 559 (2022) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Id*. (quotation marks and citation omitted).

## III. DISCUSSION

Plaintiff argues the trial court abused its discretion by dismissing his case without prejudice when he failed to appear at the status conference. We agree.

The trial court in this case did not identify the particular legal basis for its dismissal decision. It is well settled, however, that "[t]rial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado*, 476 Mich at 388. Furthermore, MCR 2.401(G)(1) provides that a trial court may sanction a party who fails to attend a scheduled conference by, in relevant part, dismissing the case with or without prejudice under MCR 2.504(B). MCR 2.504(B)(1), in turn, provides that, "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a . . . dismissal of the noncomplying party's action or claims."

As this Court has made clear, "[d]ismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*.[7] The failure to do so constitutes an abuse of discretion. *Id*. at 506-507. Relevant factors to consider before dismissal is used as a sanction include, but are not limited to:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 490; 997 NW2d 307 (2022), quoting *Vicencio*, 211 Mich App at 507 (quotation marks omitted).]

---

remedy procedural issues, seemingly leading him to believe that he was filing in the correct court. Plaintiff later filed a delayed application for leave to appeal with this Court, which we granted.

[7] Furthermore, and consistent with this principle, MCR 2.401(G)(2) provides that a trial court *must* excuse a party's failure to attend a court-ordered conference and "enter a just order other than one of . . . dismissal" if it finds either that "dismissal would cause manifest injustice" or that the failure to attend "was not due to the culpable negligence of the party or the party's attorney."

"The record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010) (quotation marks, citation, and alteration omitted). "The trial court must also explain its reasons for dismissal on the record in order to allow for meaningful appellate review." *Gueye*, 343 Mich App at 490 (quotation marks and citation omitted).

The record regarding the trial court's dismissal decision in this case is meager at best, and insufficient to permit meaningful appellate review. All that the trial court stated on the record was that plaintiff failed to appear at the hearing, that it did not know if plaintiff was still incarcerated, and that the action was dismissed without prejudice. The record does not reflect that the trial court gave any consideration, let alone careful consideration, to any of the factors mentioned above or that the court considered all of its options in determining what sanction, if any, was just and proper given the circumstances of this case.[8] Nor does the record reflect consideration of—or compliance with—the requirements of MCR 2.401(G)(2).[9] These deficiencies amount to an abuse of discretion. See *Vicencio*, 211 Mich App at 506-507. We therefore vacate the trial court's dismissal order and remand for further proceedings. On remand, the trial court should evaluate, consistent with the requirements and considerations discussed above, whether the sanction of dismissal is appropriate for this case and should explain its determination and reasoning on the record. See, e.g., *Gueye*, 343 Mich App at 490, 494-495; *Duray Dev*, 288 Mich App at 165-166.

---

[8] Defendant argues that the mere fact that the trial court dismissed this case without prejudice rather than with prejudice shows an inherent evaluation of these factors. This argument, however, ignores the well-established requirement that the trial court must consider these factors *on the record* before imposing dismissal as a sanction. See *Gueye*, 343 Mich App at 490, 494-495; *Duray Dev*, 288 Mich App at 165. Defendant offers no support for the notion that this requirement is excused or inapplicable simply because the court did not impose the most severe form of dismissal. Defendant also points to the motions to compel that it filed during discovery, arguing that plaintiff's pattern of recalcitrance supported the court's dismissal decision. The record as it stands in this case, however, is too undeveloped to permit meaningful appellate review of that argument and, relatedly, it remains the case that the trial court was required to articulate any such explanation for its dismissal decision on the record—which, as discussed, it wholly failed to do. See *Gueye*, 343 Mich App at 490.

[9] For instance, it is clear from the record that, at the time of dismissal, the trial court was fully aware that plaintiff was proceeding without an attorney and was perhaps still in jail. Nonetheless, there is no indication in the record that the court, before entering its order of dismissal, considered or took any steps to determine whether plaintiff's absence was, in fact, due to his own "culpable negligence," MCR 2.401(G)(2)(b), or was instead simply the result, as he represents on appeal, of some difficulty in obtaining his appearance from jail that was unattributable to him.

Vacated and remanded for further proceedings consistent with this opinion.[10]  We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Philip P. Mariani

---

[10] In light of this conclusion, we need not reach plaintiff's additional argument that the trial court's dismissal of his case was a due-process violation.