*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AURORA RODRIGUEZ,

Plaintiff-Appellant,

v

BOYDELL DEVELOPMENT COMPANY, INC.,

Defendant-Appellee.

UNPUBLISHED
February 18, 2025
9:58 AM

No. 368764
Wayne Circuit Court
LC No. 19-013157-CZ

Before: YOUNG, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

In 1982, plaintiff, Aurora Rodriguez, suffered serious injuries in an automobile accident, requiring her to use either a wheelchair or forearm crutches to move about. She filed this action against defendant, Boydell Development Company, Inc. (Boydell), which owns and manages the apartment building where she lived. Rodriguez alleged several claims, including violation of the Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq*., by allowing the elevator to remain inoperable for extended periods of time. The trial court dismissed Rodriguez's complaint as a sanction for her attorneys' noncompliance with a court order. Because the trial court abused its discretion by dismissing the complaint without engaging in the proper analysis and considering other less-drastic alternatives, we vacate the trial court's order and remand for further proceedings.

## I. FACTS AND PROCEEDINGS

Rodriguez filed this action in 2019. The case progressed at a normal pace until 2022, when case activity slowed. Following a June 2023 settlement conference, the trial court entered a notice of trial and pretrial order (the pretrial order) that scheduled an October 16, 2023 trial date and required the parties to file a joint final pretrial order (JFPO) by September 25, 2023. The pretrial order stated that the JFPO shall contain statements of the parties' claims and defenses, a stipulation of facts, an itemized statement of damages, and a list of witnesses and exhibits, among other items. It also required Rodriguez's attorneys to convene a conference with defense counsel to collaborate and jointly draft the JFPO. Further, the pretrial order stated that the failure to jointly file the JFPO "may" result in an "assessment of costs, dismissal, or default judgment."

Rodriguez, through her attorney, contacted defense counsel about the JFPO on the day that it was due. Rodriguez's e-mail asked Boydell's attorney, Ben Gonek, for an extension of time to file the JFPO. Gonek did not object to an extension, but noted that the matter was "up to the Court." Thereafter, Rodriguez contacted Gonek on the day that proposed jury instructions were due to seek his concurrence in a motion to adjourn trial. Ultimately, Gonek responded that he would not take a position if Rodriguez moved for an adjournment, but he indicated that he intended to move for a dismissal of the case.

Rodriguez filed her portion of the JFPO, a proposed verdict form, and proposed jury instructions. Boydell moved to strike Rodriguez's portion of the JFPO and dismiss the case because of her lack of compliance with the pretrial order. Following a hearing, the trial court granted Boydell's motion and dismissed the case without prejudice.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's order dismissing the plaintiff's complaint. *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 487; 997 NW2d 307 (2022). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010).

## III. DISCUSSION

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). In this regard, MCR 2.504(B) provides as follows:

> (1) If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims.
>
> * * *
>
> (3) Unless the court otherwise specifies in its order for dismissal, a dismissal under this subrule or a dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for failure to join a party under MCR 2.205, operates as an adjudication on the merits. [MCR 2.504(B)(1) and (3).]

Despite a court's inherent authority to dismiss a case, "our legal system is also committed to a countervailing policy favoring disposition of litigation on the merits." *Gueye*, 343 Mich App at 489 (quotation marks, citation and brackets omitted). As such, the drastic sanction of dismissal "should be imposed with caution." *Id*.

Before dismissing a case as a sanction, the trial court must "carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Courts should consider the following nonexhaustive list of factors:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id.* at 507.]

The trial court must explain its reasoning on the record to facilitate appellate review. *Gueye*, 343 Mich App at 490. A trial court abuses its discretion by dismissing a case without evaluating other less-drastic options on the record. *Vicencio*, 211 Mich App at 507-508.

The trial court dismissed Rodriguez's complaint without considering the *Vicencio* factors. In support of the dismissal, the trial court stated that Rodriguez had failed to comply with the pretrial order and that the case had been "open for four years," but there had been "very little activity on the file" after 2021. Thus, the trial court focused on the lack of progress in the case rather than considering the *Vicencio* factors. Notably, although the fourth *Vicencio* factor pertains to a history of deliberate delay, the trial court did not state that Rodriguez had a history of deliberately delaying the proceeding. In fact, the trial court repeatedly expressed that it did not know why the case had progressed so slowly.[1]

In addition to its failure to consider the *Vicencio* factors, the trial court failed to consider options less drastic than dismissal. As plaintiff correctly states, the trial court considered only whether the dismissal should be with or without prejudice. Because the trial court abused its discretion by failing to consider the *Vicencio* factors and other less-drastic sanctions, we vacate the trial court's order and remand this case for the trial court to engage in the proper analysis.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Adrienne N. Young
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

---

[1] We note that MCR 2.502(A)(1) authorizes a trial court to dismiss a case for lack of progress, but the party opposing the dismissal is provided an opportunity to challenge the dismissal. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 314; 14 NW3d 472 (2023).