*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

YOLANDA MAYS,

        Plaintiff-Appellant,

v

PARKWAY VILLAGE MOBILE HOME
COMMUNITY, LLC,

        Defendant-Appellee.

UNPUBLISHED
April 17, 2025
9:34 AM

No. 371008
Macomb Circuit Court
LC No. 2020-004344-CK

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order dismissing her case without prejudice. We vacate and remand.

## I. BACKGROUND

This action stems from a landlord-tenant dispute. Plaintiff purchased a mobile home from defendant, Parkway Village Mobile Home Community, LLC, on August 14, 2018. That same day, plaintiff and defendant entered into a written lease agreement for the land on which the mobile home is located.

Plaintiff instituted this action by filing a complaint and, subsequently, an amended complaint, bringing five claims against defendant. The trial court granted summary disposition in favor of defendant relative to four of plaintiff's claims on the basis that those claims were barred by res judicata because plaintiff either raised the claims or could have in previous legal proceedings between the parties. Plaintiff's one remaining claim was an invasion of privacy claim, under which plaintiff alleged that one of defendant's employees gave false statements to the police that resulted in the police entering plaintiff's property and allowing three of plaintiff's cars to be towed without legal cause.

The trial court stayed the lower court proceedings for a considerable period while plaintiff unsuccessfully pursued applications for leave to appeal in this Court and our Supreme Court in connection with the trial court's opinion and order granting summary disposition, in part, in favor

-1-

of defendant. Eventually, on January 24, 2024, the trial court scheduled the trial on the remaining claim for March 19, 2024, and then rescheduled the trial to May 14, 2024.

On April 30, 2024, an employee of the trial court sent plaintiff and defense counsel an e-mail rescheduling the trial for 10:00 a.m. on May 7, 2024. Also on April 30, plaintiff filed a motion for reconsideration of an opinion and order that the trial court had entered on April 16, 2024, regarding jurisdictional limits. The trial court denied plaintiff's motion for reconsideration on May 3, 2024. That same day, a court employee sent plaintiff and defense counsel an e-mail advising them of the trial court's denial of plaintiff's motion and reminding them that the trial remained scheduled for 10:00 a.m. on May 7, 2024. The court employee also asked plaintiff if she intended to appeal the trial court's denial of her motion, and plaintiff responded that she planned to file an appeal and a motion to stay proceedings. The court employee instructed plaintiff to still appear for trial on the scheduled date.

At 4:22 p.m. on May 6, 2024, defense counsel emailed defendant's proposed jury instructions to plaintiff and the court employee. Plaintiff responded the following morning, less than 10 minutes before the trial was scheduled to begin. In her response, plaintiff rejected the proposed instructions and requested that the trial date be rescheduled. The court employee responded at 10:00 a.m. that same day and reminded plaintiff of the scheduled trial date and time. The court employee further instructed plaintiff that she could request an adjournment that morning in person when she appeared for trial. Plaintiff did not appear for trial. After a short discussion with defense counsel on the record, the trial court dismissed the case without prejudice on the basis of plaintiff's failure to appear.

This appeal followed. Plaintiff represented herself throughout the pendency of the lower court proceedings and does so again on appeal.

## II. DISCUSSION

Plaintiff argues that the trial court abused its discretion by dismissing her case without prejudice on the basis of plaintiff's failure to appear for trial because the trial court should have rescheduled the trial date to give plaintiff the opportunity to respond to defendant's proposed jury instructions. Although we disagree with plaintiff's argument on appeal, we ultimately agree that the trial court improperly dismissed the case.

"We review for an abuse of discretion the trial court's decision to dismiss an action." *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 487; 997 NW2d 307 (2022). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable outcomes." *Swain v Morse*, 332 Mich App 510, 518 n 8; 957 NW2d 396 (2020). "Any factual findings underlying the trial court's decision are reviewed for clear error." *Gueye*, 343 Mich App at 487. "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). Moreover, "[a] court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial." *Vicencio*

*v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995), citing MCR 2.504(B)(1) ("If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims."). See also MCR 2.506(A)(1) ("The court in which a matter is pending may by order or subpoena command a party or witness to appear for the purpose of testifying in open court on a date and time certain and from time to time and day to day thereafter until excused by the court . . . .")

However, "[o]ur legal system is also committed to a countervailing policy favoring disposition [of] litigation on the merits[.]" *Gueye*, 343 Mich App at 489 (quotation marks and citation omitted; alterations in original). Accordingly, "[d]ismissal is a drastic step that should be taken cautiously." *Swain*, 332 Mich App at 518 (quotation marks and citation omitted).

"Before dismissing a case, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Gueye*, 343 Mich App at 490 (quotation marks and citation omitted). A trial court that fails to evaluate other available options on the record generally abuses its discretion. See *Vicencio*, 211 Mich App at 506-507. "The trial court must also explain its reasons for dismissal on the record in order to allow for meaningful appellate review." *Gueye*, 343 Mich App at 490 (quotation marks and citation omitted).

To that end, before dismissing an action, a trial court should consider the following nonexhaustive list of factors:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Gueye*, 343 Mich App at 490, quoting *Vicencio*, 211 Mich App at 507 (quotation marks and citation omitted).]

In this case, there is no indication in the lower court record that the trial court took the requisite step of "carefully evaluat[ing] all available options on the record" before concluding that dismissal was the proper sanction. See *Gueye*, 343 Mich App at 490. The trial court's order dismissing the case states only that the trial court did so because of "plaintiff's failure to appear for trial." On the record at the trial, the trial court noted that plaintiff disagreed with defense counsel's proposed jury instructions; stated that plaintiff "refuse[d]" to appear for trial to discuss the jury instructions; and confirmed that the trial court, defense counsel, and potential jurors were all present and ready to proceed.

Although the trial court arguably weighed dismissal with prejudice against dismissal without prejudice when it stated that it would "dismiss . . . without prejudice . . . just in case something extreme has happened to [plaintiff]," we do not believe that this constitutes a careful evaluation of the trial court's available options. See *id.* We therefore vacate the trial court's order dismissing the case without prejudice and remand the case for the trial court to engage in the proper analysis on the record.

We also note that plaintiff's claim that the trial court should have rescheduled the trial date, rather than dismissing the case, because she did not have enough time to respond to defendant's proposed jury instructions is meritless. Under MCR 2.512(A)(1), "[a]t a time the court reasonably directs, the parties must file written requests that the court instruct the jury on the law as stated in the requests." "In the absence of a direction from the court, a party may file a written request for jury instructions at or before the close of the evidence." *Id*. The trial court is required to advise the parties of its proposed action with respect to the parties' requested jury instructions before the parties make their closing arguments. MCR 2.512(A)(4); MCR 2.513(N)(1).

In the present case, throughout the course of the lower court proceedings, the trial court repeatedly directed the parties to the trial court judge's Trial Procedural Order, which included a requirement that the parties provide jury instructions to the trial court and other parties on the day of trial, to the extent possible. The trial court had the right to set the time of submission of the proposed jury instructions under MCR 2.512(A)(1), and there is no indication that the time selected—the day of trial—was unreasonable. By providing the proposed jury instructions at 4:22 p.m. on the day before trial, defense counsel actually provided the jury instructions earlier than required by the trial court, even if only by a small amount of time. Plaintiff's claim that she should have been given time to respond to defendant's proposed jury instructions before the trial date is illogical in light of the fact that the parties were not required to submit the proposed jury instructions until the day of trial.

Plaintiff's claim that she did not have enough time to submit her proposed jury instructions is similarly without merit. Plaintiff had been on notice that the trial court required her to provide proposed jury instructions on the trial date, if possible, since the trial court's January 5, 2021 case evaluation order directing the parties to the Trial Procedural Order. The timing of defense counsel's submission of defendant's proposed jury instructions had no bearing on plaintiff's ability to timely submit her own proposed jury instructions, and plaintiff had ample time to prepare proposed jury instructions of her own. For the reasons discussed, there was no reason for the trial court to reschedule the trial date simply because defense counsel provided defendant's proposed jury instructions the day before trial.

We further note that plaintiff did not properly request an adjournment of the trial date. "Unless the court allows otherwise, a request for an adjournment must be by motion or stipulation made in writing or orally in open court and is based on good cause." MCR 2.503(B)(1). Here, plaintiff neither filed a motion to adjourn the trial date nor moved for adjournment in open court. Instead, plaintiff requested an adjournment of the trial by e-mail less than 10 minutes before the trial was scheduled to begin. Although plaintiff states that defense counsel "did not object to the adjournment of the trial," there is no indication in the record that defense counsel agreed to an adjournment or otherwise responded to plaintiff's improper request for adjournment.

However, notwithstanding the failings of plaintiff's arguments on appeal, as discussed, the trial court improperly dismissed this case when it did so without first considering alternative sanctions on the record.[1]  See *Gueye*, 343 Mich App at 490.

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young

---

[1] Because the error is sufficient to warrant vacating the dismissal, it is unnecessary to address defendant's other arguments on appeal.