*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HANNAH DARLING,

        Plaintiff-Appellee,

and

MEDICAL REHABILITATION PHYSICIANS
PLC, doing business as MICHIGAN SPINE AND
PAIN,

        Intervening Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
November 17, 2022

No. 358267
Wayne Circuit Court
LC No. 20-003161-NF

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

Defendant, State Farm Mutual Automobile Insurance company, appeals by leave granted[1] the trial court's order denying State Farm's motion to dismiss the lawsuit brought by plaintiff, Hannah Darling, for failure to comply with a discovery order. We vacate the trial court's order and remand for further proceedings consistent with this opinion.

---

[1] *Darling v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered November 3, 2021 (Docket No. 358267).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Darling filed suit against State Farm in March 2020, seeking no-fault benefits for injuries suffered following an automobile accident. A dispute soon arose after State Farm scheduled nine insurance medical examinations (IMEs).[2] Darling moved for a protective order, requesting that the trial court limit State Farm to two or three IMEs. State Farm argued that Darling was treated by a range of specialists, and therefore the IMEs were scheduled so that the physicians performing the IMEs would match the specialties of Darling's treating physicians.[3] Without holding a hearing, the trial court entered an order limiting State Farm to three IMEs. After Darling attended three IMEs, State Farm moved to strike testimony and claims for damages supported by any expert that did not match the specialties of these IME physicians, or require Darling to submit to the other requested IMEs. The trial court entered an order denying State Farm's motion without explanation.

In Docket No. 355803, State Farm sought leave to appeal that order. This Court vacated the trial court's order and explained that State Farm was entitled to have Darling submit to the disputed IMEs. *Darling v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered March 18, 2021 (Docket No. 355803). On remand, State Farm rescheduled six IMEs. After Darling indicated that she would not attend an IME with a psychiatrist, State Farm moved to compel her attendance. The trial court granted State Farm's motion and ordered Darling to attend this IME within 30 days. Ultimately, Darling did not appear for some of the rescheduled IMEs, including the IME with a psychiatrist, causing State Farm to incur no-show fees. State Farm moved to dismiss Darling's case because of her conduct and requested that Darling be ordered to pay the no-show fees incurred by State Farm. Without holding a hearing, the trial court denied the motion. The court's order included a one-sentence explanation: "plaintiff has complied with extensive discovery." After the trial court denied a motion for reconsideration, this appeal from State Farm followed.

## II. STANDARD OF REVIEW

We review a trial court's decision on discovery sanctions for an abuse of discretion. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659; 819 NW2d 28 (2011). An abuse of

---

[2] Although State Farm refers to these examinations as "independent medical examinations," we refer to them as insurance medical examinations. As we observed in *Micheli v Mich Auto Ins Placement Facility*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356559); slip op at 2 n 3, the phrase "independent medical examination" is a "euphemistic term of art." In the insurance context, "an IME involves obtaining a second opinion from a doctor who is entirely selected and paid for by an insurance company, rendering the 'independence' of the examination somewhat questionable." *Id*.

[3] Seven of the nine IME physicians matched the specialties of Darling's treating physicians. The remaining two IMEs were with an orthopedic surgeon and a psychiatrist, which State Farm argued were appropriate because Darling alleged a host of orthopedic complaints and had been diagnosed with a number of mental disorders.

discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Id*. at 659-660. "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

## III. ANALYSIS

State Farm argues that the trial court abused its discretion and ignored this Court's directives by denying the motion to dismiss.

In Docket No. 355803, this Court's peremptory order stated:

> Pursuant to MCR 7.205(E)(2), in lieu of granting leave to appeal, we VACATE the Wayne Circuit Court's October 30, 2020 order and REMAND this matter to that court for further proceedings consistent with this order. Under MCL 500.3151(3),[4] defendant is entitled to have plaintiff submit to an independent medical examination (IME) performed by a specialist "in the same specialty as the physician providing the care, and if the physician providing the care is board certified in the specialty, the examining physician must be board certified in that specialty." See generally *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178; 732 NW2d 88 (2007); *Roberts v Farmers Ins Exch*, 275 Mich App 58, 68; 737 NW2d 332 (2007). On remand, defendant may schedule the disputed IMEs at times mutually agreed upon by the parties or as ordered by the circuit court. On appropriate motion, the trial court may place reasonable conditions on the IMEs, but only provided that plaintiff is able to demonstrate "good cause" for such conditions by way of "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." See *Muci*, 478 Mich at 192 (quotation marks and citation omitted).
>
> This order is to have immediate effect. MCR 7.215(F)(2). We do not retain jurisdiction. [*Darling v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered March 18, 2021 (Docket No. 355803).]

This Court's order provided that State Farm could require Darling to submit to IMEs performed by a specialist in the same field as the physicians who treated Darling's injuries for which she claimed no-fault benefits. The order did not allow Darling to disregard the scheduled IMEs, and only authorized the trial court to place "reasonable conditions" on the IMEs upon a showing of "good cause."

On remand, State Farm scheduled the remaining six IMEs that were in dispute at the time this Court's order was entered. Darling failed to appear for IMEs scheduled with four specialists. And after the trial court specifically directed Darling to participate in an IME with a psychiatrist, Darling still did not attend. Currently, it appears that two IMEs remain outstanding: one with a psychiatrist and another with a neuropsychologist. The record does not reflect that Darling ever

---

[4] MCL 500.3151(3) does not exist; MCL 500.3151(2)(a) is the correct statutory provision.

filed a motion attempting to show good cause for placing reasonable restrictions on any IMEs, as this Court explained that she could do in its order. In sum, Darling failed to comply with this Court's, and the trial court's, directives by refusing to attend certain IMEs.[5]

The trial court, however, denied State Farm's motion to dismiss because Darling "complied with extensive discovery." State Farm argues that the trial court abused its discretion by doing so because dismissal with prejudice was the only principled sanction for Darling's willful noncompliance with court orders. When deciding whether to dismiss a case for a discovery violation, the trial court should consider the following nonexhaustive factors:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995).][6]

And "[d]ismissal is a drastic step that should be taken cautiously." *Id*. at 506. Here, the trial court gave virtually no analysis justifying its order denying State Farm's motion to dismiss. The trial court certainly did not "carefully evaluate all available options on the record" or explain why the *Vicencio* factors did not support the requested sanctions. See *id*. at 506-507. By failing to employ

---

[5] "If the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, at the request of an insurer the person *shall* submit to mental or physical examination by physicians." MCL 500.3151(1) (emphasis added). MCL 500.3153 lists potential sanctions for failure to attend required IMEs, including "[a]n order refusing to allow the disobedient person to support or oppose designated claims or defenses, or prohibiting him from introducing evidence of mental or physical condition," MCL 500.3153(b), "[a]n order rendering judgment by default against the disobedient person as to his entire claim or a designated part of it," MCL 500.3153(c), and "[a]n order requiring the disobedient person to reimburse the insurer for reasonable attorneys' fees and expenses incurred in defense against the claim," MCL 500.3153(d).

[6] Darling suggests that the *Vicencio* factors do not apply when the question is what sanction to impose under MCL 500.3153. This Court recently held the opposite. *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358992); slip op at 11 (footnote omitted) ("Accordingly, before dismissing a no-fault claim under MCL 500.3153, a trial court should consider the applicable *Vicencio* factors, including the availability of alternative sanctions, and decide whether dismissal is just."). Darling also argues that State Farm waived its reliance on the *Vicencio* factors because State Farm did not cite them below. We disagree because "so long as the issue itself is not novel, a party is generally free to make a more sophisticated or fully developed argument on appeal than was made in the trial court." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020).

the proper legal analysis, the trial court necessarily abused its discretion. See *Pirgu*, 499 Mich at 274. Accordingly, we vacate the trial court's order denying State Farm's motion to dismiss.

The remaining question, however, is what remedy to order. State Farm urges us to grant the relief denied by the trial court—dismissing Darling's case with prejudice and ordering her to reimburse State Farm's IME no-show fees—while Darling argues that dismissal is inappropriate. But it is ordinarily for the trial court, and not this Court, to determine what sanctions are appropriate. See *Vicencio*, 211 Mich App at 506-507. At this juncture, we believe that the trial court should have the first opportunity to decide what type of sanction is appropriate under the proper legal standard. To the extent that the trial court's denial of State Farm's motion to dismiss reflects the court's belief that *no sanction* is appropriate, that conclusion would be an abuse of discretion. Given this Court's order allowing State Farm to schedule the disputed IMEs, the trial court's order compelling attendance at an IME with a psychiatrist, and the mandatory nature of IMEs under MCL 500.3151, see *Roberts*, 275 Mich App at 68, some sanction is appropriate for Darling's failure to attend multiple IMEs.[7] But choosing the sanction is a task we decline in the first instance.

On remand, the trial court should review the *Vicencio* factors, and in determining the appropriate remedy, "carefully evaluate all available options *on the record*, including, in this case, consideration of the options specifically provided for by the Legislature under MCL 500.3153." *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358992); slip op at 12 (quotation marks and citation omitted; emphasis added).[8] "Whether dismissal ultimately proves to be the appropriate resolution is for the trial court to decide." *Id.*

## IV. CONCLUSION

While we conclude that the trial court abused its discretion by denying State Farm's motion to dismiss without a proper legal analysis, we decline State Farm's invitation to decide what particular sanction is appropriate. We trust that the parties and the trial court will comply with the

---

[7] Contrary to Darling's argument, this Court's previous order did not have to specifically state that Darling would be subject to sanctions if she again refused to attend IMEs. MCL 500.3153 makes the potential penalties clear, and it is well-known that discovery violations may result in sanctions.

[8] An unreasoned order from the trial court choosing a sanction and summarily stating that the court considered the *Vicencio* factors is insufficient because it does not "allow for meaningful appellate review." See *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 88; 618 NW2d 66 (2000). This is particularly so on an abuse-of-discretion standard. This Court cannot determine whether the trial court's decision was a reasonable and principled outcome without knowing the reason and principle underlying that decision.

instructions in this opinion, and on remand, the trial court will fashion an appropriate remedy for Darling's conduct.[9]

Vacated and remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Colleen A. O'Brien
/s/ James Robert Redford

---

[9] On this second remand to the trial court, we must note the extraordinary amount of litigation and judicial resources involved in this discovery dispute. We hope the parties may consider good-faith settlement discussions as an alternative means of resolution.

# Court of Appeals, State of Michigan

# ORDER

Hannah Darling v State Farm Mutual Automobile Insurance Company

Docket No. 358267

LC No. 20-003161-NF

Kristina Robinson Garrett
Presiding Judge

Colleen A. O'Brien

James Robert Redford
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall review the *Vicencio* factors, carefully evaluate all available options on the record, and fashion the appropriate remedy for Darling's conduct. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Kristina Robinson Garrett
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

November 17, 2022
Date

Chief Clerk