*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CORTEZ EPPS,

        Plaintiff-Appellant,

v

NPT-313 CO. LLC, doing business as SAPPHIRE APARTMENTS,

        Defendant-Appellee.

UNPUBLISHED
June 22, 2026
9:46 AM

No. 373951
Oakland Circuit Court
LC No. 2020-182954-NO

Before: MARIANI, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

In this premises-liability action, defendant filed a renewed motion for summary disposition under MCR 2.116(C)(10). Plaintiff attempted to file a response to the motion, but it was rejected by the trial court for failure to comply with the requirements of the court's scheduling order. The trial court then granted defendant's motion and dismissed plaintiff's complaint. Plaintiff now appeals by right. We vacate and remand for further proceedings.

## I. BACKGROUND

This is the second time this case has come before this Court. The first was on appeal from a prior award of summary disposition to defendant, which a panel of this Court reversed and remanded. See *Epps v NPT-313 Co*, unpublished per curiam opinion of the Court of Appeals, issued May 30, 2024 (Docket No. 362127). That panel's prior opinion set forth the underlying facts of this case, see *id.* at 1-3, but to summarize for purposes of this appeal: Plaintiff was an independent contractor who worked as a hairstylist at a salon that operated out of defendant's building. In October 2019, a light fixture in the salon fell from the ceiling and hit plaintiff on the head while he was working. According to plaintiff, water leaked into the ceiling of the premises when it rained; this leak damaged the ceiling's drywall and caused the light fixture to fall. Plaintiff

-1-

thereafter filed the instant lawsuit, alleging defendant breached the duties it owed to him with respect to the "unsafe and dangerous" condition created by the ceiling and light fixture.[1]

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing, among other things, that it could not be held liable for the allegedly hazardous condition because the salon, as the lessee, had possession and control of the premises at the relevant time. The trial court granted defendant's motion based solely on this possession-and-control argument. On appeal, a panel of this Court reversed and remanded for further proceedings. The panel explained that the trial court "erred by finding as a matter of law that defendant did not have a duty to keep [the ceiling and light fixture] in reasonable repair" in light of plaintiff's evidence that defendant had undertaken repairs to that condition in the past, which created a question of fact as to whether defendant "exercised control over the condition of the leaky ceiling and affixed light fixture that allegedly caused plaintiff's injuries such that defendant had a duty to exercise reasonable care in performing those repairs." *Id.* at 7-8.

On remand, defendant filed a renewed motion for summary disposition under MCR 2.116(C)(10). In its renewed motion, defendant argued that there was no evidence that it had performed the ceiling repairs negligently and that plaintiff failed to show that his injuries were proximately caused by any condition on the premises that was in defendant's control. Defendant further argued that provisions in the operative lease agreement precluded defendant from being held liable and that it owed plaintiff no duty to inspect for or warn of hidden dangers since plaintiff was either a trespasser or licensee under the terms of the lease.

The trial court subsequently entered a scheduling order that required plaintiff to file his "response and supporting brief" on or before November 20, 2024. This order warned that the court would "assume there is no law to support [plaintiff's] position" if the response and supporting brief were not timely filed. The scheduling order also required all motions, responses, and briefs to comply with the formatting requirements set forth in MCR 2.119(A)(2). As expressly specified in the order, this court rule required, among other things, that "[t]he combined length of any motion and brief, or of a response and brief" to be no more than twenty double-spaced pages, "exclusive of attachments and exhibits." The trial court cautioned that it would strictly enforce the deadlines set in its order, and that "[r]esponses[ ] and/or [b]riefs that violate the Court Rule will be rejected." The order also stated that "[a] party whose brief has been rejected will not be given additional time to file an amended pleading."

On November 20, 2024, plaintiff submitted a twenty-four-page response to defendant's motion, along with supporting exhibits. Because this filing exceeded the twenty-page limit set forth in MCR 2.119(A)(2)(a), the trial court rejected it. Plaintiff did not try to file another response within the scheduling order's deadline.[2] On December 17, 2024, the trial court entered an opinion

---

[1] Plaintiff's complaint also raised public and private nuisance claims that were dismissed pursuant to a stipulated agreement between the parties.

[2] Defendant notes in its brief on appeal that plaintiff tried to submit another response on December 17, 2024, and this second attempt was also rejected. Correspondingly, the record contains a "Proof of Electronic Service" document indicating that plaintiff attempted to submit a second filing in

-2-

and order dispensing with oral argument on defendant's motion pursuant to MCR 2.119(E)(3), granting the motion, and dismissing plaintiff's complaint. After summarizing defendant's motion, the court explained that plaintiff had failed to file a response in opposition to the motion as a result of the court's rejection of his nonconforming brief. Citing its authority to enforce its own scheduling order, the trial court stated that it would do exactly that "and enter judgment against Plaintiff for failing to follow" the above-mentioned requirements of that order, which the court recited. The court then reasoned that, since plaintiff did not file a proper response to defendant's motion, plaintiff "fail[ed] to establish that there are genuine issues of material fact" and "[a]s such, Defendant is entitled to judgment as a matter of law." The court concluded that it would "therefore[] GRANT[] Defendant's motion for summary disposition under MCR 2.116(C)(10) and DISMISS[] Plaintiff's Complaint."

This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's award of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion brought under MCR 2.116(C)(10), like defendant's, tests the factual sufficiency of the complaint. *Id.* at 120. "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Id.* (citation omitted). "If the moving party fails to properly support its motion for summary disposition, the nonmoving party has no duty to respond and the trial court should deny the motion." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 370; 775 NW2d 618 (2009), citing MCR 2.116(G)(4). If the movant meets its initial burden, however, "the burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id.* (quotation marks and citation omitted). To do so, the opposing party "may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). "If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her." *Id.* "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Quinto*, 451 Mich at 362 (citations omitted).

We review "a trial court's decision to enforce its scheduling order for an abuse of discretion." *Cleveland v Hath*, 350 Mich App 320, 329; 32 NW3d 109 (2024) (citation omitted). We also review for an abuse of discretion a trial court's decision to dismiss an action as a sanction. *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995) (citation omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and

---

response to defendant's motion; this second response does not appear in the record, which suggests that it was rejected like the first.

principled outcomes, or when the trial court makes an error of law." *VHS of Mich, Inc v State Farm Mut Auto Ins*, 337 Mich App 360, 372-373; 976 NW2d 109 (2021) (citation omitted). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (quotation marks and citation omitted).

III. ANALYSIS

Plaintiff makes two arguments on appeal. First, he asserts that the trial court abused its discretion when it enforced its scheduling order and rejected his nonconforming response brief.[3] Second, he argues that even if the rejection of his response was proper, the trial court nevertheless erred when it granted defendant's motion for summary disposition and dismissed this case. While we find that the trial court did not abuse its discretion by rejecting plaintiff's response to defendant's motion, we agree with plaintiff that the trial court erred in its ensuing disposition of that motion and dismissal of this case.[4]

Our recent decision in *Cleveland v Hath* illustrates the proper framework for our analysis. In that case, the trial court issued a scheduling order which set forth a briefing schedule for dispositive motions; the order warned that if the nonmovant failed to file a timely response to a summary-disposition motion, the court would "assume that there is no legal or factual support for [the nonmovant's] position." 350 Mich App at 330 (quotation marks omitted). Despite this warning, the plaintiff failed to submit a timely response, and the trial court granted the defendants' unopposed (C)(10) motions after reviewing them on their merits.

The plaintiff appealed, and this Court affirmed "because [the] plaintiff failed to file timely responses to [the] defendants' summary-disposition motions under MCR 2.116(C)(10) and the trial court thereafter properly resolved those motions on the merits." *Id.* at 323. This Court first concluded that the trial court "did not abuse its discretion by enforcing its scheduling order against [the] plaintiff for failing to timely respond to [the] defendants' summary-disposition motions." *Id.* at 332-333. This Court then considered whether those motions were properly granted. This Court explained "that the failure to file a timely brief in response to a dispositive motion is not, by itself,

---

[3] Plaintiff's first argument suggests that the trial court struck his response brief. The record, however, makes clear that his response was rejected upon its attempted filing.

[4] Defendant argues that this Court should not consider any of the arguments plaintiff has raised on appeal because they were not properly preserved below. Defendant, however, cites no authority to support the notion that plaintiff was required to take further steps below to preserve appellate review of the trial court's decision to reject his response to defendant's motion and enter judgment in defendant's favor. Furthermore, to the extent that any of plaintiff's arguments are not properly preserved, we can review unpreserved issues if, among other things, their consideration "is necessary for a proper determination of the case." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 290; 14 NW3d 472 (2023) (quotation marks and citations omitted). Whether the trial court erred by enforcing its scheduling order and resolving defendant's motion and this case in the manner it did are "necessary for a proper determination of the case."

grounds for dismissal as a sanction," but "if a motion for summary disposition under MCR 2.116(C)(10) challenges the existence of any genuine issue of material fact and the opposing party fails to timely present evidence in response, then the motion may be properly granted on the merits." *Id*. at 323. As to that merits assessment, this Court further explained that, "[w]here, as here, the opposing party [to a (C)(10) motion] fails to present any evidence, the motion is properly granted because no genuine issue of material fact exists," which "must be the outcome unless the moving party's motion fails to present a credible argument or itself presents evidence that creates a question of fact . . . ." *Id.* at 331 (quotation marks and citation omitted). Reviewing the defendants' motions de novo, this Court concluded that the trial court properly granted them on their merits because they "presented viable arguments and did not offer evidence that gave rise to a genuine issue of material fact." *Id.* at 331, 334-337. And, because the trial court's award of summary disposition was a merits-based decision, this Court rejected the notion that the court had purported to dismiss the plaintiff's claims as a sanction for failing to submit a timely response to the defendants' motions. *Id.* at 332-333.

Here, as in *Cleveland*, we fail to see an abuse of discretion in the trial court's decision to enforce its own scheduling order and reject plaintiff's response. There is no dispute that plaintiff did not submit a response to defendant's motion that conformed with the requirements of the court's order, and the order made clear such noncompliance would result in the rejection of that response. This Court has previously found no abuse of discretion in a court enforcing requirements and consequences of that sort, and we see no reason to conclude otherwise here. See *id.* at 330-332; see also *EDI Holdings LLC v Lear Corp*, 469 Mich 1021; 678 NW2d 440 (2004). On appeal, plaintiff stresses other, less severe consequences that the trial court could have imposed for the nonconformity of his response, such as considering only its first twenty pages. While it may very well have been within the trial court's discretion to opt for one of these alternatives, plaintiff has failed to show how it was legally erroneous or otherwise outside the range of reasonable and principled outcomes for the court not to do so in this case, and to instead enforce the terms of its scheduling order and reject his nonconforming response. See *VHS of Mich*, 337 Mich App at 372-373; see also *Maldonado*, 476 Mich at 388.[5]

The trial court thus did not err in rejecting plaintiff's response and treating defendant's motion as unopposed. But that does not mean the trial court's decision to grant defendant's unopposed motion and dismiss the case was necessarily proper. The court's dismissal order appears to identify two potentially distinct bases for that decision: (1) that the court was "enter[ing] judgment against Plaintiff for failing to follow" its scheduling order, and (2) that summary

---

[5] Plaintiff argues that, even if the trial court did not err in rejecting his nonconforming response brief, it was still obligated under MCR 2.116(G)(5) to accept and review the evidence he submitted with that brief. We do not see merit in this argument. MCR 2.116(G)(5) states that the trial court, when reviewing a motion for summary disposition under MCR 2.116(C)(10), must consider "[t]he affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties." We see nothing in this court rule to suggest that, even though plaintiff's response was properly rejected, the court was nonetheless required to treat the evidence included with that rejected response as duly "filed" or "submitted" for consideration.

disposition was being granted "under MCR 2.116(C)(10)." We find neither basis adequate to support the court's dismissal order in this case.

To start, as *Cleveland* makes clear, 350 Mich App at 323, "the failure to file a timely brief in response to a dispositive motion is not, by itself, grounds for dismissal as a sanction." Instead, it is well settled that, "[b]efore ordering dismissal [as a sanction], the trial court should carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 314-315; 14 NW3d 472 (2023) (quotation marks and citation omitted). Such an evaluation should include consideration of, among other factors: "1) the degree of the plaintiff's personal responsibility for the delay, 2) the amount of prejudice to the defendant caused by the delay, 3) whether there exists a lengthy history of deliberate delay, and 4) whether the imposition of lesser sanctions would not better serve the interests of justice." *Id.* at 315 (quotation marks and citation omitted); see also *Vicencio*, 211 Mich App at 506-507 (emphasizing that "[d]ismissal is a drastic step that should be taken cautiously" and reciting a nonexhaustive list of "factors that a court should consider before imposing the sanction of dismissal"). The trial court's dismissal order in this case reflects none of the requisite analysis of whether dismissal would be appropriate as a sanction for plaintiff's failure to timely file a conforming response to defendant's motion. Accordingly, to the extent the trial court intended to impose dismissal as a sanction, it abused its discretion by doing so and we see no grounds for affirming the trial court's ruling on that basis. See *Vicencio*, 211 Mich App at 506-507.

Nor do we see grounds to affirm the ruling under MCR 2.116(C)(10), as the trial court failed to duly consider whether defendant's motion, when taken as unopposed, was adequate to demonstrate defendant's entitlement to relief under that subrule. As *Cleveland* reflects, 350 Mich App at 331, 334-337, a (C)(10) motion is not necessarily successful simply because it is unopposed; the motion still must "present[] viable arguments" that show the movant is entitled to judgment as a matter of law, and must not itself "offer evidence that g[ives] rise to a genuine issue of material fact." See also *Quinto*, 451 Mich at 361-362 (explaining a (C)(10) movant's "initial burden" and that, ultimately, "[a] trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, *and* the moving party is entitled to judgment as a matter of law") (emphasis added); *Barnard Mfg Co*, 285 Mich App at 370 ("If the moving party fails to properly support its motion for summary disposition, the nonmoving party has no duty to respond and the trial court should deny the motion."); MCR 2.116(G)(4) (providing that if the nonmoving party does not respond as required, "judgment, *if appropriate*, shall be entered against him or her") (emphasis added).

The trial court's ruling in this case did not purport to undertake any such merits evaluation of defendant's motion. Defendant notes that the trial court summarized the motion's arguments in its ruling, but nothing about that summary indicates that the court performed any substantive assessment of the motion's arguments or the factual material offered in support. Instead, the court simply reasoned that, because plaintiff's response was rejected, "he fail[ed] to establish that there are genuine issues of material fact" and "[a]s such, Defendant is entitled to judgment as a matter of law." For the reasons discussed, such analysis, without more, is inadequate to support the granting of a motion for summary disposition on its merits under MCR 2.116(C)(10), even if that motion is unopposed. Since the trial court did not duly verify whether defendant's motion, taken

as unopposed, was sufficient to demonstrate defendant's entitlement to judgment as a matter of law, we cannot conclude the court properly granted that motion on its merits.

In sum, the trial court's award of summary disposition to defendant lacked an adequate basis—either as a proper merits resolution of defendant's unopposed motion under MCR 2.116(C)(10), or as a duly justified sanction for plaintiff's failure to file a conforming response to that motion. Accordingly, we vacate the award of summary disposition and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Sima G. Patel